I t SAUNDERS, Judge.
Plaintiff, Alan Wade Hyatt, was injured after volunteering to help employees of Delta Downs Race Track move a pool table. The trial court granted summary judgment in favor of Defendant finding that it did not owe a duty to Plaintiff that encompassed the risk that he would injure his back while voluntarily moving a pool table. Plaintiff appeals the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

This litigation arises out of an incident which occurred on March 1, 2000, at Delta Downs in Vinton, Louisiana. Plaintiff, Alan Hyatt, was an employee of Beverage Sales, Inc. as an “on premises” sales supervisor. Delta Downs Race Track is owned, operated and insured by Defendants, DDI Ventures, Inc., DDRA Capital, Inc. and TIG Insurance Company.
On the day of the incident, Delta Downs was in the process of renovating a portion of its facilities. It contacted Mr. Hyatt to place materials such as lights, mirrors, posters, and other promotional materials in the renovated areas. While performing his duties, Mr. Hyatt volunteered to help several Delta Downs maintenance supervisors move a pool table. While moving the table, Mr. Hyatt injured his back.
*1244 Mr. Hyatt filed suit against Defendants on February 16, 2002, alleging negligence. Defendants filed a Motion for Summary Judgment on September 14, 2001 arguing that Mr. Hyatt had not identified any acts of negligence on the part of Delta Downs or its employees.
The hearing on Defendants’ Motion for Summary Judgment was held on January 14, 2002. The trial court found that Defendants owed no duty to Plaintiff and subsequently granted Defendant’s motion. A formal ruling granting Defendants’ | ¡¡.Motion for Summary Judgment was signed on January 24, 2002.
Plaintiff subsequently filed his devolu-tive appeal.

ASSIGNMENT OF ERROR

On appeal, Mr. Hyatt assigns only one error, arguing that the trial court erred in finding that Delta Downs owed no duty to Plaintiff and subsequently granting summary judgment in favor of Delta Downs, dismissing Plaintiffs claims.

LAW AND ANALYSIS

A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. Reynolds v. Select Properties Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180.
Under La.Civ.Code art. 2315, negligence claims are examined using a Duty/Risk analysis, wherein the plaintiff must prove each of the following elements: (1) defendant’s conduct was cause in fact of the plaintiffs injuries; (2) the defendant had a duty to conform conduct to a specific standard; (3) the defendant breached that duty; (4) the defendant’s conduct was the legal cause of plaintiffs injuries; and (5) plaintiff sustained actual damages. Roberts v. Benoit, 605 So.2d 1032 (La.1991). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. See Mathieu v. Imperial Toy Corporation, 94-0952 (La.11/30/94), 646 So.2d 318.
In the instant case, Plaintiff must establish that a duty was owed to him by JjjDelta Downs in order to survive a summary judgment in favor of Defendants. If Delta Downs owed no duty to Mr. Hyatt to perform a certain act, or refrain from performing a certain act, then Delta Downs cannot be hable under a negligence theory of recovery and summary judgment is proper.
The question of whether a person owes a duty to another is a question of law. Harris v. Pizza Hut, 455 So.2d 1364 (La.1984). Further, the particular facts and circumstances of each individual case determines the extent of duty and a resulting degree of care necessary to fulfill that duty. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991). Under Louisiana jurisprudence, generally, the owner of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of harm. Ortego v. State Bank and Trust Company of Golden Meadow, 316 So.2d 826 (La.App. 1 Cir.), writ denied, 320 So.2d 914 (La.1975).
The law of this Circuit is succinctly stated in LeBleu v. Dynamic Industrial Constructors, Inc., 526 So.2d 1184 (La.App. 3 Cir.), writ denied, 528 So.2d 154 (La.1988), wherein we held that an employer owed a *1245 volunteer the duty to protect the volunteer from an unreasonable risk of harm. In that case, an employee of Geosource, Inc., enlisted a volunteer to assist him in hitching an office trailer to his truck. The employee attempted to hitch the trailer using only a pry bar and the volunteer was subsequently injured. We held that the employer was liable because the employee breached the duty owed to the volunteer when he acted unreasonably and created an unreasonable risk of harm by using a pry bar to attach the trailer, resulting in injury to the volunteer.
Likewise, in the instant case, we conclude that Delta Downs owed Plaintiff the |4duty to refrain creating an unreasonable risk of harm or a hazardous condition.
In the instant case, Richie Guidry[1], who also volunteered to assist in moving the table, stated in his deposition that before Mr. Hyatt came onto the scene to assist in moving the table, the employees of Delta Downs discussed the manner in which they would move it. They decided to slide the table rather than lift it. Mr. Hyatt came onto the scene after this tactical discussion and was not informed to slide the table. Instead, Mr. Hyatt was told by Mike Guidry, the maintenance foreman at Delta Downs, only that they were going to rotate the table, but did not inform him to slide it. When the pool table was moved, the employees slid, while Mr. Hyatt and Mr. Guidry lifted.
We find that this evidence is sufficient to show that a genuine issue of material fact remains as to whether Mr. Hyatt was subjected to an unreasonable risk by the employees of Delta Downs. Accordingly, we hold that summary judgment is improper and the case should proceed to trial on the merits.
Defendants argue that Mr. Hyatt’s decision to not ask questions regarding the tactic for moving the table, and deciding to lift the table rather than slide it, was his own fault, and not a risk assumed by Delta Downs. However, we find that argument suggests that Plaintiff may have been guilty of contributory negligence. Contributory negligence is a question of fact, best suited for the factfinder.

DECREE

For the reasons contained herein, we find that Defendant owes Plaintiff the duty not to subject him to an unreasonable risk of harm. We also find that Plaintiff has presented sufficient evidence to show that there remains a genuine issue as to | swhether the employees of Delta Downs breached this duty owed to Plaintiff. Therefore, we reverse the summary judgment in favor of Defendants and remand this case to the trial court. All costs are hereby assessed to Defendants.
REVERSED and REMANDED.

. Richie Guidry is the draft supervisor from Beverage Inc. He also lifted the table, but was not injured.