# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**10-378**

**RAY BIAS**

**VERSUS**

**SCOTTSDALE INSURANCE CO., ET AL**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 70120
HONORABLE THOMAS F. FUSELIER, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Elizabeth Pickett, Judges

**AFFIRMED.**

**Donald L. Mayeux**
**P.O. Box 1460**
**Eunice, LA 70535**
**(337) 457-9610**
**Attorney For Plaintiff/Appellant:**
      **Ray Bias**

**Galloway, Johnson, Tompkins, Burr & Smith**
**Mark R. Pharr, III**
**Jason E. Wilson**
**4021 Ambassador Caffery Pkwy.**
**Building A, Suite 175**
**Lafayette, LA 70503**
**(337) 735-1760**
**Attorneys For Defendants/Appellees**
      **Scottsdale Ins. Co. And David Courville**
      **d/b/a David & Lori's Kitchen**

**COOKS, J.**

## FACTS AND PROCEDURAL HISTORY

Ray Bias (Plaintiff) filed suit alleging he was injured when he fell in a parking lot owned by David Courville d/b/a David & Lori's Kitchen (Defendant) in Mamou, Louisiana. The business is insured by Scottsdale Insurance Company, (Scottsdale) also a named defendant in the suit. Plaintiff alleges he injured his knees when he slipped and fell on loose pea gravel which was present on the cement surface outside the order window of Defendant's restaurant. He admits he walked across a gravel parking lot to get to the cement area where he fell but alleges he was looking up at the order board and did not notice the ten to twenty pieces of pea gravel on the cement. He admits he visited the restaurant approximately twenty times before the date of the alleged incident, but alleges he had not visited the restaurant for some time prior to that date.

Defendant and Scottsdale filed a motion for summary judgment originally set for hearing on August 18, 2009. The trial court requested Plaintiff conduct additional discovery and gave him an additional thirty days to conduct more discovery. The hearing on the defendants' motion for summary judgment was set for and heard on December 18, 2009, approximately one hundred and twenty days after the originally scheduled hearing. Plaintiff offered no expert evidence at the motion to establish that the presence of ten to twenty pieces of pea gravel on the cement area created an unreasonably dangerous condition. The trial court granted the defendants' motion for summary judgment dismissing all of Plaintiff's claims with prejudice. Plaintiff appeals alleging one assignment of error, to wit, that there are genuine issues of material fact as to whether the loose gravel on the cement surface created an unreasonable risk of harm.

1

# ANALYSIS

We review motions for summary judgment de novo. *See Champagne v. Ward*, 03-3211 (La.1/19/05), 893 So.2d 773. Louisiana Code of Civil Procedure Article 966 (B) provides, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Louisiana Code of Civil Procedure, Article 966 (C)(2) sets forth the burden of proof as follows:

> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The trial court instructed Plaintiff to conduct additional discovery and allowed Plaintiff ample time to do so prior to the hearing on the motion for summary judgment. Nevertheless, Plaintiff failed to produce any evidence at the hearing to establish that the presence of ten to twenty pieces of pea gravel on Defendant's concrete area presented an unreasonably dangerous condition. Plaintiff relied solely on his opinion for proof of his allegation. The trial court properly dismissed Plaintiff's action finding Plaintiff presented no evidence to show there is a genuine issue of material fact in dispute as to whether an unreasonably dangerous condition existed on Defendant's premises. For the following reasons we affirm the trial court's ruling.

The Louisiana Civil Code, Articles 2317 and 2317.1, set forth the responsibility for acts which cause damage to another and the requirements for

establishing liability.

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

La.C.C. art. 2317.

> The owner or custodian of a thing is answerable for damages occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of such reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitor in an appropriate case.

La.C.C. art. 2317.1.

In *Davis v. American Legion Hospital*, 06-608, p. 3 (La.App. 3 Cir. 11/2/06), 941 So.2d 712, 714 we held that under the provisions of Articles 2317 and 2317.1:

> [I]n order to recover for damages, a plaintiff must prove: (1) the thing was in defendant's custody and control; (2) *the thing contained a defect which presented an unreasonable risk of harm to others*; and (3) the defendant knew or should have known of the defect. *Roberson v. Lafayette Oilman's Sporting Clays Shoot, Inc*., 05-1285, p. 5 (La.App. 3 Cir. 4/12/06), 918 So.2d 703, 705–6 (emphasis added). The claim must fail if the plaintiff fails to prove any one of these elements. *Littelfield v. Iberia Bank*, 04-1334 (La.App. 5 Cir. 3/15/05), 900 So.2d 925, *writ denied*, 05-876 (La.5/13/05), 902 So.2d 1032.

> Furthermore, not every minor imperfection or irregularity will give rise to ... liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *Amest v. City of Breaux Bridge*, 01-1034, p. 3 (La.App. 3 Cir. 12/12/01), 801 So.2d 582, 584-85 (quoting *LeJeune v. Riviana Foods*, 97-1091, p. 3 (La.App. 3 Cir. 2/18/98), 707 So.2d 1038, 1040, *writ denied*, 98-749 (La.5/1/98), 718 So.2d 418).

The record contains no evidence to support Plaintiff's opinion that the presence of ten to twenty pieces of pea-sized gravel on Defendant's cement pad created an unreasonably dangerous condition. We also note Plaintiff testified that he was not exercising ordinary care when he stepped onto the cement area. He admitted he had

3

visited this establishment at least twenty times in the past, and that he walked across the graveled parking area to approach the cement area in front of the window where patron's place their orders. According to Plaintiff, he was not paying attention to the surface on which he was walking but was looking up at the order board. Be that as it may, Plaintiff offered no evidence to establish that the presence of the pieces of pea-sized gravel on the cement area presented an unreasonable risk of harm to patrons. It was incumbent on Plaintiff to do so in order to survive summary judgment. Further, as we held in *Amest v. City of Breaux Bridge*, 01-1034, p. 2, (La.App. 3 Cir. 12/12/01), 801 So.2d 582, 584-85:

> Property owners are not insurers of the safety of visitors, but only owe a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. *David v. Reon*, 520 So.2d 820 (La.App. 3 Cir. 1987), *writ denied*, 522 So.2d 564 (La. 1988). Furthermore, not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *Koppie v. Commercial Union Insurance Company*, 478 So.2d 179 (La.App. 3 Cir.), *writ denied*, 479 So.2d 922 (La. 1985). In other words, the owner of the premises cannot be held responsible for any risk posed by his property, only those presenting an unreasonable risk of harm to others. *David*, 520 So.2d 820. In determining whether a given condition is unreasonably dangerous, the degree to which the danger may be observed by a potential victim who may then provide self-protection is a major factor. *Silliker*, 520 So. 2d 880.

Plaintiff did not present any evidence to support his allegation that the presence of ten to twenty pieces of pea-sized gravel on a cement pad would reasonably be expected to cause a person, exercising ordinary care, to slip and fall. The judgment of the trial court is affirmed with costs of this appeal assessed against Plaintiff.

**AFFIRMED.**

4