STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-471

JOYCE MARIE DAVIS

VERSUS

COUNTRY LIVING MOBILE HOMES, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2006-0127 DIV. A
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese,
Judges.

**AFFIRMED.**

**Genovese, J., concurs in the result and assigns written reasons.**

Janice M. Reeves
Attorney at Law
8545 United Plaza Blvd., Suite 350
Baton Rouge, LA 70809
(225) 924-9585
Counsel for Defendants/Appellees:
Northfield Insurance Company
Country Living Mobile Homes, Inc.

**Elizabeth B. Carr**
**Attorney At Law**
**300 E. Courthouse Street**
**Leesville, LA 71496-1528**
**(337) 239-2244**
**Counsel for Plaintiff/Appellant:**
**Joyce Marie Davis**

**SAUNDERS, Judge.**

This is a slip and fall case where a patron of a mobile home vendor fell due to an allegedly muddy area on the mobile home vendor's sales lot. The patron filed suit seeking to recover for injuries resulting from her fall. The trial court granted the defendant, the mobile home vendor, summary judgment. The plaintiff now appeals. We affirm.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Joyce Marie Davis (hereinafter "Davis"), and her husband visited defendant's mobile home sales lot in DeRidder, Louisiana, on June 28, 2005, where she slipped and fell. Subsequently, Davis filed suit against defendant Country Living Mobile Homes, Inc. (hereinafter "Country Living") alleging its negligence as the cause of her slip and fall. Country Living later filed a motion for summary judgment. The trial court granted the motion in favor of Country Living. Davis filed a motion for a new trial, which the trial court denied. Davis now appeals, asserting that summary judgment against her was not warranted and that Country Living did not meet its initial burden as movant of the motion for summary judgment.

## ASSIGNMENTS OF ERROR

1. Whether the trial court erred in granting summary judgment and ruling that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law on the issue of whether the slippery patch of mud on which plaintiff fell constituted an unreasonable risk of harm.

2. Whether the trial court erred in granting summary judgment and ruling that defendant was entitled to judgment as a matter of law regarding whether there was actual or constructive notice of the defect by the

defendant, or alternatively whether the defendant's agents created the defect.

**ASSISGMENTS OF ERROR NUMBERS ONE AND TWO:**

In her first assignment of error, Davis contends that the trial court erred as a matter of law in ruling that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law on the issue of whether the slippery patch of mud on which plaintiff fell constituted an unreasonable risk of harm. In her second assignment of error, Davis contends that the trial court erred by granting summary judgment and ruling that defendant was entitled to judgment as a matter of law regarding whether there was actual or constructive notice of the defect by the defendant, or alternatively whether the defendant's agents created the defect. Because both assignments of error are directed toward the trial court's granting summary judgment as to two elements of the same claim, we will address whether the trial court properly granted Country Living's motion for summary judgment under one heading.

Summary judgments are subject to a de novo review. *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

2

It is also important to be aware of the movant's and not-movant's burdens of proof. Though the burden of proof on a motion for summary judgment remains on the movant, the movant's burden changes contingent upon whether he or she will bear the burden of proof at trial on the matter that is the subject of the motion for summary judgment. *Johnson v. State Farm Ins.*, 08-1250 (La.App. 3 Cir. 4/1/09), 8 So.3d 808.

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

In this case, Davis filed suit against Country Living, alleging that the company was negligent in allowing a muddy spot to form and remain on its property, which Davis contends resulted in her fall. Davis has the burden to prove this at trial. *Bias v. Scottsdale Ins. Co.*, 10-378 (La.App. 3 Cir. 11/10/10), 50 So.3d 964. Thus, Country Living, as movant of the motion for summary judgment, does not bear the burden of negating all essential elements of Davis's claim. La.Code Civ.P. art. 966(C)(2). Rather, Country Living need only "point out a lack of support for an essential element" of Davis's claim. *Id.* Thereafter, the burden shifts to Davis to show some support that she can meet her evidentiary burden on that element. *Id.* If she cannot meet the burden, there is no genuine issue of material fact, and the motion for summary judgment should be granted. *Id.*

3

The law providing the elements which Davis must prove at trial is as follows:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

La.Civ.Code art. 2317.

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

La.Civ.Code art. 2317.1.

In summary, in order to recover for damages for premises liability, a plaintiff must prove: (1) the thing was in defendant's custody and control; (2) the thing contained a defect which presented an unreasonable risk of harm to others; and (3) the defendant knew or should have known of the defect. *Bias*, 50 So.3d 964.

In this case, Country Living based its motion for summary judgment on two assertions: that Davis is unable to bear the burden of proof to show the required notice, or Country Living's awareness of the purported defect, and that Davis is unable to show that the mud on the grassy land is a defect that constitutes an unreasonable risk of harm under Louisiana law. If Country Living is able to show that either of these assertions is true, and if Davis fails to present sufficient evidence to satisfy her evidentiary burden, then summary judgment is appropriate.

In her first assignment of error, Davis argues that the trial court erred in its ruling that she did not show the existence of an unreasonably dangerous condition. She points out that she was walking in ankle deep grass which hid a pool of water and mud and created a trap for the unwary. Clearly, she argues, the trier of fact

4

could conclude that such a trap is unreasonable. This is a strong argument which finds some favor with this court. Ultimately, however, we choose to pretermit this issue as it is not necessary to our decision. This is so, because a reading of the record suggests that there is a total absence of evidence to suggest that Country Living had notice of the water or mud hiding in wait for Davis.

In her second assignment of error, Davis argues that the trial court erred by finding that Country Living lacked notice of the allegedly dangerous condition. Country Living submitted the affidavit of manager Rita Luneau (hereinafter "Luneau") to support its contention that it did not, in fact, have actual or constructive knowledge. In the affidavit, Luneau states that:

> [she] was not aware of the faucet in the area Ms. Davis claimed she fell as being on any time earlier that day of June 28 before Ms. Davis came to the office. [Luneau] is not aware of any defect or leaking in the faucet near where Ms. Davis claims she fell that day, and she is not aware of any other employee who was aware of any problem.
> Davis controverted the affidavit in her deposition. \

She describes what she observed on the lot before the accident:

> Q: Okay. Before the accident, did you notice anybody cleaning a mobile home?
> A: Yes, sir, there was a kid cleaning, but he wasn't cleaning a mobile home per se. He was just cleaning some objects there, and I didn't pay attention to what he was cleaning.
> Q: How was he cleaning it? With water or—
> A: Yes, sir, he did have water.
> Q: With a hose or some other—
> A: I saw the water. I didn't pay any more attention.
> Q: Okay. But it was some object on the ground he was cleaning?
> A: Yes, sir.
> Q: You did see water on the ground in the area where he was cleaning, though?
> A: No, sir, I didn't see the water on the ground.
> Q: But—
> A: He had like a sponge-like thing.

After Davis recounts her fall and her and her husband's subsequent entry into the lot's office, she states as follows:

Q: Did [Luneau, who was in the office at this time,] say anything to you?

A: Yes, sir. When we said what had happened, she came out and said that those kids—they're constantly telling the kids to turn that water off and they don't do it.

Q: These are kids that work for them?

A: Yes, sir, and she referred to them as kids.

Q: Did you notice when you were out there whether the hose—whether the faucet was on or off?

A: It was off.

Q: Did she say why—what they used the water for?

A: No, sir. She didn't.

As movant of the motion for summary judgment, Country Living has the initial burden to "point out a lack of support for an essential element" of Davis's claim. La.Code Civ.P. art. 966(C)(2). Here, Country Living puts forth the assertion that Davis is unable to satisfy her burden of proof on Country Living's actual or constructive knowledge of the purported defect, an essential element of Davis's claim.

Next, Davis has the burden of showing some factual support for her allegations. Here, her deposition testimony recounts a conversation she had with Luneau the day of the accident. Davis argues that Luneau admitted that, in the past, the faucet had sometimes been allowed to run unchecked. Nothing in the record suggests, however, that we are dealing with a pool of water remaining from these past lapses. Rather, the record and arguments all suggest that the water was deposited by either the morning's rain or, somehow, came from the nearby faucet. The record suggests, without contradiction, that it rained earlier that day. Also, Davis testified that she saw an employee with a sponge who was cleaning an object in an area located at a slight incline above the area where she fell. We will consider separately these two possible sources of water.

The record suggests that it rained earlier in the day on the date of the accident. The land, however, was generally dry. Davis testified that, except in the

area where she fell, the grass was dry. If the pool of water was caused by rain, and if Country Living had knowledge of this event, Country Living could be held liable for failure to warn. The record, however, is void of any suggestion that Country Living had any notice of the water pooling in this area. In the absence of notice, the fact that there was rain, standing alone, would not allow Davis to carry her burden at trial.

Country Living could also be held liable if Davis could establish that Country Living caused the pool of water by use of the faucet. Davis attempts to suggest this in her deposition, where she states that she saw an employee holding a sponge-like thing cleaning something on the ground. Her testimony on this point is minimal and vague. Davis invites this Court to conclude from the fact that the employee had a wet sponge that the employee used the faucet in order to gather cleaning water, and that the employee allowed the water to run long enough to create the hazard. We are unable to accept this invitation.

The burden, at this point, is on Davis to present evidence that shows, more likely than not, that Country Living knew of the defect or that Country Living caused the defect. The fact that Country Living's employee had a wet sponge, while suggestive of some possibility, is not direct evidence of use of the faucet. The use of a wet sponge, standing alone, fails to establish that Davis would be able to carry her burden at trial.

**CONCLUSION**

Davis raised two assignments of error. Both assignments allege that the trial court erred in granting Country Living's motion for summary judgment. Considering that the standard of review for a motion for summary judgment is a de novo review of the record, we limit our discussion to whether the trial court properly granted Country Living's motion.

7

We find the evidence indicates that Country Living had no notice of the allegedly dangerous condition.  As such, Davis would be unable to carry her evidentiary burden at trial.  Therefore, Davis has failed to raise a genuine issue of material fact vis à vis the issue of notice.  We affirm the trial court's ruling granting summary judgment.  All costs of this appeal are assessed to Davis.

**AFFIRMED.**

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 11-471

**JOYCE MARIE DAVIS**

**VERSUS**

**COUNTRY LIVING MOBILE HOMES, INC., ET AL.**

**GENOVESE, J., concurs and assigns the following written reasons.**

I agree with the result of the majority opinion; however, in my view, the facts of the case trigger the merchant liability statute, La.R.S. 9:2800.6.