# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-831


ANGELA GACHASSIN, ET AL.

VERSUS

U-HAUL COMAPNY OF ARIZONA, ET AL.


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-0443-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.


**AFFIRMED**


**D. Patrick Daniel, Jr.**
**Attorney at Law**
**P. O. Drawer 51709**
**Lafayette, LA 70505-1709**
**(337) 232-7516**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Angela Gachassin**
    **Charles Landry Landry, II**
    **Allison Miller**

**Bryan J. Haydel**
**Porteous, Hainkel & Johnson**
**343 Third St., Suite 202**
**Baton Rouge, LA 70801-1309**
**(225) 383-8900**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Republic Western Insurance Co.**
    **U-Haul of Louisiana, Inc.**

**Creighton Magid**
**Dorsey & Whitney, LLP**
**1801 K. St., NW Suite 750**
**Washington, DC 20006**
**(202) 442-3000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Republic Western Insurance Co.**
    **U-Haul of Louisiana, Inc.**

**SAUNDERS, J.**

This personal injury case arises out of an accident between the driver of a rental vehicle and the Plaintiff, whom the driver rear-ended. The Plaintiff reached a compromise agreement with the driver and her insurance company, but continued to pursue her claims against the rental company. The trial court granted summary judgment in favor of the rental company, dismissed the rental company from the suit, and denied Plaintiff's claim of spoliation. It is these judgments that the Plaintiff now appeals. For the reasons discussed herein, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Dionne Davis (hereinafter "Davis") rear-ended Appellant Angela Gachassin (hereinafter "Gachassin") while driving a U-Haul rental van on February 1, 2008. Gachassin filed suit for her alleged injuries against Davis and U-Haul Company of Louisiana (hereinafter "U-Haul), among others.[1] Gachassin claimed that Davis was negligent in her operation of the rental van and that U-Haul was negligent in maintaining the van. Gachassin reached a compromise agreement with Davis and Davis's insurer on November 3, 2009. Pursuant to the agreement, Gachassin dismissed with prejudice all claims against Davis and her insurance company.

Gachassin specifically alleged that U-Haul was at fault due to the van's brake failure. Due to its belief that Gachassin had gathered no evidence on the issue of brake failure, U-Haul moved for summary judgment in April, 2010. In response to the motion, Gachassin submitted three affidavits in support of her negligence claim. Gachassin also responded to the Motion for Summary Judgment by alleging that U-Haul had spoliated evidence by removing a brake control module from the van after the accident.

---

[1] Although this case originally involved several Plaintiffs and several Defendants, Gachassin's claims against U-Haul were the only claims that remained at the time of the trial court's summary judgment.

Following oral argument on February 28, 2011, the trial court granted U-Haul's motion for summary judgment, dismissed Gachassin's claims, and denied her spoliation claim. Gachassin then moved for a new trial, which the trial court denied. Gachassin now appeals the judgment of the trial court, asserting error as to the summary judgment, denial of the spoliation claim, and dismissal of U-Haul from the suit. For the reasons discussed herein, we affirm.

**ASSIGNMENTS OF ERROR**

1. The Trial Court erred in granting Defendant's Motion for Summary Judgment on Liability, as the evidence clearly identified that brake failure caused the accident.

2. The Trial Court erred in denying Plaintiff's Motion for Spoilation, as the Defendant destroyed all evidence of brake failure after being placed on notice of the incident and the allegations of brake failure.

3. The Trial Court erred in dismissing U-Haul from the suit entirely, as Defendant admitted to providing minimum limits of insurance.

**LAW AND ANALYSIS**

In her first assignment of error, Gachassin asserts that the trial court erred by granting U-Haul's Motion for Summary Judgment, claiming that the evidence clearly indicated that brake failure caused the accident. We find no merit in this contention.

Summary judgments are subject to a *de novo* review. *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

It is also important to be aware of the movant's and not-movant's burdens of proof. Though the burden of proof on a motion for summary judgment remains on the movant, the movant's burden changes contingent upon whether he or she will bear the burden of proof at trial on the matter that is the subject of the motion for summary judgment. *Johnson v. State Farm Ins.*, 08-1250 (La.App. 3 Cir. 4/1/09), 8 So.3d 808.

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

In this case, Gachassin filed suit against U-Haul, alleging that the van's brake system was defective and caused the accident. Gachassin has the burden to prove this at trial. *Bias v. Scottsdale Ins. Co.*, 10-378 (La.App. 3 Cir. 11/10/10), 50 So.3d 964. Thus, U-Haul, as movant of the motion for summary judgment, does not bear the burden of negating all essential elements of Gachassin's claim. La.Code Civ.P. art. 966(C)(2). Rather, U-Haul need only point out a lack of support for an essential element of Gachassin's claim. *Id*. Thereafter, the burden shifts to Gachassin to show some support that she can meet her evidentiary burden on that element. *Id*. If she cannot meet the burden, there is no genuine issue of material fact, and the motion for summary judgment should be granted. *Id*.

As movant of the motion for summary judgment, U-Haul has the initial burden to point out a lack of support for an essential element of Gachassin's claim. La.Code Civ.P. art. 966(C)(2). U-Haul based its motion for summary judgment on the notion that Gachassin had adduced no evidence of a defective brake system.

Next, Gachassin has the burden of showing some factual support for her allegations. We do not believe that Gachassin has met this burden. In response to the motion for summary judgment, Gachassin presented three affidavits: her own, that of Allison Miller (Gachassin's cousin and an alleged passenger in the van), and that of the investigating police officer, Marc Leblanc. The three affidavits, however, are defective as to form. None of the three was a sworn affidavit. Gachassin's and Miller's affidavits were not signed by the affiants.

Furthermore, U-Haul urges that all three affidavits, on the issue of brakes, consisted of inadmissible hearsay regarding comments that Davis, now a non-party, had allegedly made to Gachassin and to Miller after the accident.

"In its broadest sweep, the hearsay rule excludes all testimony regarding statements made out-of-court by declarants who at the time of making the statements were not under oath, not in the presence of the trier of fact, and thus not subject to cross-examination." *Buckbee v. United Gas Pipe Line Co. Inc.*, 561 So.2d 76, 80 (La.1990).

"Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." *State v. Martin*, 356 So.2d 1370, 1373-74 (La. 1978), (quoting C. McCormick, *Evidence*, § 246 (Cleary ed. 1972)).

When moving for or against a motion for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such

facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La.Code Civ.P. art. 967.

Gachassin's affidavit states, *inter alia*, that "Davis stated that her brakes on the U-[H]aul vehicle failed to function correctly." Miller says in her affidavit that "Davis stated the brakes['] failure prevented her from stopping. . . ." Finally, Leblanc's affidavit contains similar statements regarding what Davis allegedly told LeBlanc, as well as what Davis allegedly told Gachassin and Miller. For example, "Gachassin stated that immediately following the accident Dione Davis stated to her the brakes on the U-[H]aul vehicle failed[,] causing the accident."

Applying the admissibility of hearsay rules, Gachassin's and Miller's affidavits contain statements offered to prove the truth of the matter asserted, that the failure of the brake system to function correctly caused the accident. Moreover, Davis, if she did make these statements, made them out-of-court, not under oath, and thus not subject to cross-examination. Leblanc's affidavit contains not only hearsay, but also hearsay-within-hearsay, since it contains statements Davis allegedly made to Gachassin and Miller, who then relayed them to LeBlanc. Again, those statements are offered to prove that the brake system's failure caused the accident. Since the declarant, Davis, made the statements out-of-court, not under oath, and not subject to cross-examination, those statements are inadmissible hearsay. *Buckbee,* 561 So.2d 76; *State v. Martin*, 356 So. 2d 1370. As such, the affidavits may not be considered by the court in evaluating the motion for summary judgment. La.Code Civ.P. art. 967.

The only other evidence in the record which could serve to support Gachassin's evidentiary burden is LeBlanc's police report. However, the same hearsay issues discussed above are present there. In the police report, Gachassin

5

and Miller each state that Davis said that the brakes did not work. There is also a statement from Davis, herself, stating that she "hit her from back [sic] after applying brakes." Again, these statements constitute inadmissible hearsay, since the declarant made them out-of-court, not under oath, and was not subject to cross-examination. *Buckbee,* 561 So.2d 76; *State v. Martin*, 356 So. 2d 1370. The statements contained in the police report, therefore, are inadmissible and may not be considered in connection to the underlying motion for summary judgment. La.Code Civ.P. art. 967.

It is clear from the record, then, that Gachassin has failed to offer any evidence supporting her allegation that the van's brake system failure caused the accident. This allegation, in fact, is controverted by Davis in her deposition:

> Q. As we sit here today and as you recall the accident, you applied your brakes and you did hit the other vehicle, correct?
> A. Yes.
> Q. But it was not because the brakes did not work?
> A. No.
> Q. After the impact, did you experience any problems with the brakes on this U-Haul vehicle?
> A. No.
> Q. You continued to use the U-Haul vehicle until you returned it several days later, correct?
> A. Yes.
> Q. At anytime until you returned that vehicle did you have any problems with the brakes?
> A. No.

This testimony refutes Gachassin's claims and further convinces this court that Gachassin in unable to meet her burden. In her brief, Gachassin assails this testimony, asserting that U-Haul tampered with Davis prior to her testimony. We find this contention of witness tampering baseless, as Davis, herself, testified as to the following:

> Q. Did you speak with anyone from U-Haul after the accident?
> A. Yes.
> Q. Who [sic] did you speak with?
> A. Bryan Haydel.

6

Q. When did you speak to him?
A. I spoke with him since—in the time that I was served with information on this deposition.
Q. How many times?
A. Once.
Q. Did you give him a recorded statement?
A. No.
Q. What did you tell Mr. Haydel?
A. I didn't tell him anything.
Q. What questions did he ask you?
A. He didn't ask me anything.
Q. Okay. Well, you obviously had some type of conversation.
A. He informed me that we would be meeting at this deposition because he would be representing U-Haul, and that I would be asked about this accident. I am in no way, shape or form tied to this suit.
Q. That's it?
A. Yes.
Q. Were there any promises made to you about what your testimony may or may not be?
A. No.
Q. Did you give him any information about what happened in the accident?
A. No.
Q. Did he ask you what happened in the accident?
A. No.

The above testimony and lack of supporting evidence in the record indicates that Gachassin's allegation of witness tampering is meritless. Therefore, we decline to consider it further.

Review of the record indicates to this Court that Gachassin is unable to meet her burden of proof. As such, no genuine issue of material fact remains, and the motion for summary judgment should be granted. La.Code Civ.P. art. 966(C)(2). Therefore, we affirm the trial court's grant of U-Haul's Motion for Summary Judgment.

In her second assignment of error, Gachassin asserts that the trial court erred in denying her Motion for Spoilation, alleging that U-Haul destroyed all evidence of brake failure after being placed on notice of the incident and of the allegations of brake failure. We find no merit in this contention. The trial court's denial of Gachassin's Motion for Spoilation is reviewed under the manifest error standard.

"Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So. 2d 1106, 1111 (La.1990). Furthermore,

> if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.

*Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

After considering the evidence before us, we find that the trial court was not manifestly erroneous in denying Gachassin's Motion for Spoilation. Therefore, we affirm.

In support of her Motion for Spoilation, Gachassin claims that U-Haul removed the brake modules from the van following the accident. However, the record lacks any evidence which supports the allegation that the brake control module was destroyed. In fact, U-Haul's evidence refutes this allegation, establishing that the brake control module was never disturbed; rather, an airbag sensor was removed from and replaced in the van and has always been available for inspection. The trial court stated that "there was no evidence that the brake control module was destroyed." After reviewing the record, we find reasonable factual basis for this decision of the trial court. Thus, we find that the trial court did not commit manifest error in denying Gachassin's Motion for Spoilation and affirm the judgment.

In her final assignment of error, Gachassin asserts that the trial court erred when it dismissed U-Haul from the suit entirely, because U-Haul provided insurance for the vehicle driven by Davis. In so alleging, Gachassin makes a

cloaked reference to the Direct Action Statute, which allows for an insurer to be directly named in a suit under certain circumstances. La.R.S. 22:1269(B)(1).[2] We find no merit in Gachassin's final assignment of error.

As recognized by the trial court, the compromise between Gachassin and Davis, the driver of the U-Haul van, was fatal to any direct action claim against U-Haul. The statute permits a direct claim against the insurer alone only under certain circumstances, none of which present themselves here. Moreover, even if the direct action statute were applicable, Gachassin has no basis to maintain a suit against U-Haul without Davis as a party to the suit. Therefore, due to the fact that Davis, the insured, is no longer a party to this suit, the direct action statute is not applicable. As such, we affirm the trial court's dismissal of U-Haul from the underlying suit.

**CONCLUSION**

Due to Angela Gachassin's failure to carry her evidentiary burden, we affirm the trial court's summary judgment in favor of U-Haul Company of Louisiana. We also affirm the trial court's denial of Gachassin's Motion for Spoilation, as the record clearly lacks evidence in support of her contentions. We also affirm the trial court's dismissal of U-Haul Company of Louisiana from the suit, due to the

---

[2] The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:

(a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

(b) The insured is insolvent.

(c) Service of citation or other process cannot be made on the insured.

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

(e) When the insurer is an uninsured motorist carrier.

(f) The insured is deceased.

La.R.S. 22:1269(B)(1)

inapplicability of the direct action statute, La.R.S. 22:1269. All costs are assessed to Appellant Angela Gachassin.

**AFFIRMED.**