STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-06


LEOLA HUNT

VERSUS

GOLDEN CORRAL CORPORATION


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2006-4757-G
HONORABLE DURWOOD CONQUE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

Cooks, J., dissents.

AFFIRMED.

John Jefcoat
Holly LaMarche
Britney L. Hebert
Galloway Jefcoat, L.L.P.
1925 Dulles Drive
Post Office Box 61550
Lafayette, Louisiana 70596-1550
(337) 984-8020
COUNSEL FOR PLAINTIFF/APPELLANT:
    Leola Hunt

**Brent N. Carriere**
**2000 Kaliste Saloom Road, Suite 400**
**Post Office Box 81129**
**Lafayette, Louisiana 70598-1129**
**(337) 291-1330**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Golden Corral Corporation**

**GENOVESE, Judge.**

Plaintiff, Leola Hunt,[1] filed suit against Golden Corral Corporation (Golden Corral) for damages related to a trip-and-fall accident. The trial court entered summary judgment in favor of Golden Corral, finding that Plaintiffs lacked the requisite evidence to prove that the restaurant's sidewalk was unreasonably dangerous. Plaintiffs have appealed. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the petition filed in this matter, "[o]n . . . February 23, 2006, Leola Hunt was a pedestrian walking on the sidewalk located on the exterior of the Golden Corral Restaurant on Ambassador Caffery Parkway in Lafayette, Louisiana." Mrs. Hunt claims that her "walker became stuck in a void where the landscape edging meets the . . . sidewalk, causing her to fall into the landscaped area." She suffered "injuries to her left leg, right hand, complications to a transplanted kidney[,] and bruising and soreness of her body in general." Mrs. Hunt contends that her injuries "are the result of the wanton and gross negligence" of Golden Corral for "the unreasonably dangerous condition created by the improperly maintained sidewalk[.]" Mrs. Hunt filed her petition for damages on September 8, 2006.

Golden Corral filed a motion for summary judgment on May 12, 2011, contending that Plaintiffs lacked the requisite evidence to prove that its sidewalk was unreasonably dangerous or that it had the requisite prior knowledge that an unreasonably dangerous condition existed. In support of its motion, Golden Corral offered excerpts from the depositions of Albert Broussard, Mrs. Hunt's husband,

---

[1] Leola Hunt died intestate on December 27, 2007, for reasons unrelated to this incident. Her husband, Albert Broussard, and three grandchildren, Shaundra Hunt, Shauntrell Hunt, and Lakeithia Hunt, were added as party plaintiffs to the original cause of action on November 30, 2009.

and Jules R. Courville, the front-of-the-house manager for Golden Corral on the date of Mrs. Hunt's accident. Both men were present when Mrs. Hunt's trip-and-fall accident occurred.

According to Mr. Broussard's deposition testimony, he was uncertain of the size of the gap between the sidewalk and the metal landscape edging where the wheel of Mrs. Hunt's walker allegedly became lodged prior to her fall. According to Mr. Courville, the gap between the sidewalk and the metal landscape edging was less than a half an inch. Mr. Courville also stated that he witnessed Mrs. Hunt fall after she lost her balance when she leaned over to spit into the flowerbed.

Golden Corral's motion was denied by the trial court on the basis that there were genuine issues of material fact relative to the size of the alleged gap between the sidewalk and the landscape edging and whether or not the sidewalk was considered a handicap entrance, which would have required compliance with Americans with Disability Act (ADA) regulations. A judgment to this effect was signed by the trial court on June 23, 2011.

Golden Corral filed a second motion for summary judgment on May 14, 2012. Golden Corral reiterated its argument that Plaintiffs lacked the requisite evidence to prove that its sidewalk was unreasonably dangerous or that it had the requisite prior knowledge that an unreasonably dangerous condition existed. In support of its motion, Golden Corral offered the affidavit of J. David Brinson, a licensed architect, attesting to the condition of the sidewalk. According to Mr. Brinson, he viewed photographs of the sidewalk that were taken immediately after Mrs. Hunt's fall as well as the present condition of the sidewalk. He opined that the sidewalk where Mrs. Hunt fell complied with ADA regulations and that it did not present an unreasonable risk of harm to the patrons of Golden Corral.

2

At the July 9, 2012 hearing, the trial court ruled:

> The issue, of course, is whether or not—one of the issues is whether or not the sidewalk itself is unreasonably dangerous, and, of course, there is no evidence that that is correct. It's a question of what happens if somebody goes off the sidewalk with a walker. We now have an expert saying that this situation was acceptable. In fact, in his report, he even says that it was probably a good thing because it served as a barrier—it was a different color, and it served as a demarcation of the edge of the sidewalk.
>
> I'm going to grant the motion for summary judgment. [Plaintiffs have] been unable to come up with substantial facts to refute the premise that the expert presents and I don't think [they] could meet [their] burden of proof at trial.

The trial court's judgment stated that Golden Corral was "entitled to summary judgment in its favor dismissing [P]laintiffs' claims as there was no disputable evidence establishing that the alleged condition causing the incident was an unreasonable risk of harm." Plaintiffs have appealed this judgment.

## ASSIGNMENTS OF ERROR

On appeal, Plaintiffs contend that the trial court erred in: (1) granting summary judgment in favor of Golden Corral; (2) relying upon the opinion of Defendant's expert; and, (3) ruling that they would be unable to meet their burden of proof at trial.

## LAW AND DISCUSSION

Our Louisiana Supreme Court has set forth the governing jurisprudence relative to a motion for summary judgment and our appellate standard of review thereof as follows:

> Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Bonin v. Westport Ins. Corp.*, 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910; *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; *Duncan v. USAA Ins. Co.*, 06-0363, p. 4 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (*per curiam*)(citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-66.

*Smitko v. Gulf South Shrimp, Inc.*, 11-2566, pp. 7-8 (La. 7/2/12), 94 So.3d 754, 755.

In the instant case, Plaintiffs allege that Golden Corral was negligent due to an unreasonably dangerous sidewalk at its restaurant. As such, Plaintiffs have the burden of proving Golden Corral's negligence at trial. *Davis v. Country Living Mobile Homes, Inc.*, 11-471 (La.App. 3 Cir. 10/19/11), 76 So.3d 1248 (citing *Bias v. Scottsdale Ins. Co.*, 10-378 (La.App. 3 Cir. 11/10/10), 50 So.3d 964). Thus, Golden Corral, as movant of the motion for summary judgment herein, does not bear the burden of negating all essential elements of Plaintiffs' claims. *See* La.Code Civ.P. art. 966(C)(2). Rather, Golden Corral need only "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* If Plaintiffs "fail[] to produce factual support sufficient to establish that [they] will be able to satisfy [their] evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.*

Plaintiffs assert their action against Golden Corral pursuant to La.Civ.Code art. 2317 and La.Civ.Code art. 2317.1. Louisiana Civil Code Article 2317 provides in part: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by . . . the things which we have in our

4

custody. This, however, is to be understood with the following modifications." Pursuant to La.Civ.Code art. 2317.1 (emphasis added):

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, *vice, or defect,* only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

At trial, Plaintiffs must prove (1) the sidewalk was in Golden Corral's custody and control; (2) the sidewalk contained a defect which presented an unreasonable risk of harm to others; and, (3) Golden Corral knew or should have known of the defect. *See Davis*, 76 So.3d 1248. Golden Corral argues that Plaintiffs are unable to prove two essential elements of their claim: (1) an unreasonably dangerous condition; and, (2) actual or constructive notice of said unreasonably dangerous condition. We agree.

The photographs in the record, notably introduced by both Plaintiffs and Golden Corral, support Mr. Brinson's expert opinion that there was no defect in the sidewalk and that it was not unreasonably dangerous. Plaintiffs failed to produce any expert establishing any defect in the sidewalk, and there is no question of material fact in that regard. Based upon this showing, we find that Golden Corral, as the mover on summary judgment, met its burden of establishing the "absence of factual support" for an essential element of Plaintiffs' claim, i.e., an unreasonable risk of harm. La.Civ.Code art. 966(C)(2). Plaintiffs have failed to produce the necessary evidence to support their allegations that the sidewalk was unreasonably dangerous or created an unreasonable risk of harm. Based on the record, the facts presented, and the applicable law, we find that the trial court was

legally correct in granting summary judgment in favor of Golden Corral Corporation.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Golden Corral Corporation's motion for summary judgment is affirmed. Costs are assessed to Plaintiffs/Appellants, Albert Broussard, Shaundra Hunt, Shauntrell Hunt, and Lakeithia Hunt.

**AFFIRMED.**