**NOT FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**13-713**

**WHITNEY GARY**

**VERSUS**

**JEFFERSON DAVIS COUNCIL ON THE AGING, INC.**

**\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**THIRTY-FIRST JUDICIAL DISTRICT COURT**
**PARISH OF JEFFERSON DAVIS, DOCKET NO. C-68-11**
**HONORABLE STEVE GUNNELL, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

J. Bryan Jones, III
P.O. Box 4540
Lake Charles, LA  70606
(337) 433-5588
**ATTORNEY FOR PLAINTIFF/APPELLANT**
   Whitney Gary

Terry Thibodeaux
Jeffery D. Fruge
Frohn & Thibodeaux, L.L.C.
One Lakeshore Drive, Suite 1220
P.O. Box 2090
Lake Charles, LA  70602-2090
(337) 433-5523
**ATTORNEY FOR DEFENDANT/APPELLEE**
   Jefferson Davis Council on the Aging, Inc.

**COOKS, Judge.**

Plaintiff, Whitney Gary, filed suit against the Jefferson Davis Council on Aging, Inc. (hereafter COA) for damages he allegedly sustained while attempting to climb into a truck. The trial court entered summary judgment in favor of the COA, finding the risk of injury was and could have been avoided through the use of ordinary care. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On February 4, 2010, Plaintiff was serving as a volunteer for the COA, when he attempted to climb into a refrigerated truck for the purported reason of beginning to unload its contents. As Plaintiff was attempting to climb into the truck, he lost his footing and fell to the pavement. He suffered a broken wrist and thumb as a result of the fall.

Because Plaintiff was a volunteer, he was not covered as expressly provided by the Louisiana's Workers' Compensation Act. As a result, Plaintiff filed suit against the COA, alleging it was negligent in its failure to provide a safe means of unloading the truck.

The COA answered Plaintiff's petition and denied the claims, contending Plaintiff was solely at fault for causing the mishap. The COA then filed a Motion for Summary Judgment, arguing Plaintiff acted on his own in unloading the truck. It presented the deposition testimony of Elaine Newman, the COA coordinator of its food distribution program. Ms. Newman stated she did not request that Plaintiff begin unloading the truck. She testified Plaintiff entered the truck on his own volition and subsequently slipped and fell.

A hearing on the summary judgment motion was held on May 29, 2012, after which the trial court took the matter under advisement. Written reasons for judgment were rendered on April 17, 2013, granting summary judgment in favor of

2

the COA. The trial court found the risk of injury in this case was and could have been avoided through the use of ordinary care. The trial court specifically noted, on the day of the accident, it had been raining and the area around the truck was wet. In addition, the back of the truck was three to four feet above the ground. Under those conditions, the trial court found the risk of slipping and falling should have been obvious to Plaintiff. The trial court also took notice that Plaintiff was never told, instructed, or asked to enter the truck to begin the unloading process. Thus, the trial court found Plaintiff assumed the risk of injury by so doing, and as a result the COA is not liable for his actions.

## ANALYSIS

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Pursuant to a 1996 amendment to the summary judgment article, the summary judgment procedure is now favored under our law. La.Code Civ.P. art. 966(A)(2).

Paragraph C(2) of Article 966 provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The burden of proof does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. *Hood v. Cotter*, 08-215 (La.12/2/08), 5 So.3d 819. At that point, if the party opposing the motion "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La.Code Civ.P. art. 966(C)(2). Summary judgment should then be granted. *Hood*, 08-215, 5 So.3d 819.

In *Hardy v. Bowie*, 98-2821, p. 6 (La. 9/8/99), 744 So.2d 606, 610, the Louisiana Supreme Court stated that "[a] fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Additionally, the Supreme Court stated that "[f]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id.*

It is Plaintiff's burden to establish the COA's negligence at trial. Therefore, the Defendant, as mover for the motion for summary judgment, does "not bear the burden of negating all essential elements of Plaintiff's claims." *Hunt v. Golden Corral Corp.*, 13-6, p. 4 (La.App. 3 Cir. 7/3/13), 116 So.3d 1035, 1037. Defendant need only establish "an absence of factual support for one or more elements essential" to Plaintiff's claims. La.Code Civ.P. art. 966(C)(2). If Plaintiff fails to produce factual support that he will be able to satisfy his burden of proof at trial, there is no genuine issue of material fact. *Id.* Plaintiff argues the COA breached a duty it owed to him to protect him from an unreasonable risk of harm.

In analyzing the duty owed to a volunteer, this court in *Hyatt v. DDI Ventures, Inc.*, 02-1315, p. 3 (La.App. 3 Cir. 4/30/03), 843 So.2d 1242, 1244-45, *writ denied*, 03-1515 (La. 9/26/03), 854 So.2d 363, stated:

4

The law of this Circuit is succinctly stated in *LeBleu v. Dynamic Industrial Constructors, Inc.*, 526 So.2d 1184 (La.App. 3 Cir.), *writ denied*, 528 So.2d 154 (La.1988), wherein we held that an employer owed a volunteer the duty to protect the volunteer from an unreasonable risk of harm. In that case, an employee of Geosource, Inc., enlisted a volunteer to assist him in hitching an office trailer to his truck. The employee attempted to hitch the trailer using only a pry bar and the volunteer was subsequently injured. We held that the employer was liable because the employee breached the duty owed to the volunteer when he acted unreasonably and created an unreasonable risk of harm by using a pry bar to attach the trailer, resulting in injury to the volunteer.

The record in this case indicates Plaintiff chose to enter the back of the truck on his own and begin moving pallets. Plaintiff admitted Elaine Newman did not request or instruct him to enter the truck. The record also establishes that no one else was even aware that Plaintiff had entered the back of the truck. Plaintiff was aware it was raining and the bumper of the truck was slippery. It was obvious the bumper of the truck was three to four feet above the ground, yet Plaintiff chose to enter the truck and exit the truck with no assistance. We cannot say the trial court erred in finding any risk of harm, if one existed, could have been avoided had Plaintiff exercised reasonable care. Here, neither the employer nor any of its employees created any unreasonable risk exposing Plaintiff to the harm he ultimately suffered. That harm befell him because of his own action in failing to avoid an obvious danger and taking on a task he was ill-equipped or lacked the skill to perform. Therefore, the trial court did not err in granting the COA's motion for summary judgment.

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the Jefferson Davis Council on Aging is affirmed. Costs of this appeal are assessed against Plaintiff/Appellant, Whitney Gary.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

5