NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-371

DELORIS MCCONNELL

VERSUS

HOMESITE INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20126735
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Shannon J. Gremillion, Judges.

AFFIRMED.

Charles Louis Chassaignac IV
Matthew L. Mann
Porteous, Hainkel & Johnson, L.L.P.
343 Third St., Suite 202
Baton Rouge, LA 70801-1309
(225) 383-8900

**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Homesite Insurance Company**
**Linda K. Carrier**
**Clinton Charles Carrier**

**Carl Joseph Rachal**
**Simon Law Offices**
**122 Representative Row**
**Lafayette, LA 70508**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Deloris McConnell**

**GREMILLION, Judge.**

The plaintiff/appellant, Ms. Deloris McConnell, appeals the grant of summary judgment dismissing her tort claim against Linda Carrier, Clinton Charles Carrier, and their insurer, Homesite Insurance Company. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 20, 2012, Ms. McConnell tripped and fell in the Carriers' driveway. The Carriers are Ms. McConnell's next door neighbors in Carencro, Louisiana. Ms. McConnell asserts that the cause of the fall was a hazardous condition in the driveway, to wit, a one- to two-inch elevation change. As a result of her fall, Ms. McConnell alleges that she sustained a broken wrist that required surgical repair.

Ms. McConnell filed suit in December 2012. The Carriers and Homesite answered the suit and denied Ms. McConnell's allegations, and further asserted that the accident was solely caused by Ms. McConnell's negligence. On September 27, 2013, the defendants filed a motion for summary judgment, in which they argued that Ms. McConnell would be unable to support her claim.

In support of the motion for summary judgment, the defendants introduced the deposition testimony of Ms. McConnell. According to Ms. McConnell's deposition, the accident occurred at approximately 7:00 p.m. Darkness had descended upon Carencro. Ms. McConnell owed Ms. Carrier $15.00, and she was going next door to pay Ms. Carrier. This marked only the second occasion that Ms. McConnell had visited the Carriers.

Ms. McConnell's home is separated from the Carriers' by a fence. A drainage ditch fronts both homes. Accordingly, it is necessary to approach the

Carriers' home via the driveway. Ms. McConnell was wearing slippers or house shoes, which she described as similar to "flip flops." As she proceeded up the Carriers' driveway, Ms. McConnell's slipper "got stuck" in the seam or expansion joint in the driveway. She fell and broke her wrist.

Ms. McConnell submitted an affidavit with attached photographs of the Carriers' driveway that were taken by JoAnn Breaux. In her affidavit, Ms. McConnell attested that her slipper became caught in "the concrete elevation change" in the Carriers' driveway. At no point in her deposition or affidavit did Ms. McConnell provide a measurement or estimate of the extent of this elevation change.

At the hearing of the motion, the Carriers objected to the photographs, as they were not taken by the affiant, Ms. McConnell. The trial court sustained their objection because the photographer, Ms. Breaux, did not authenticate the photographs. The trial court found that Ms. McConnell had failed to demonstrate either the existence of a defect or actual knowledge of a defect on the part of the Carriers. Judgment was granted in favor of the Carriers and Homesite, dismissing Ms. McConnell's demand with prejudice and at her cost. This appeal followed.

## ASSIGNMENTS OF ERROR

Ms. McConnell assigns the following errors:

1. The Trial Court committed reversible error and abused its discretion by failing to find that there were genuine issues as to material fact as it related to the defective condition upon defendants' driveway and whether said defect presented an unreasonably dangerous condition.

2. The trial judge abused his discretion and committed reversible error in failing to consider photographic evidence of the unreasonably dangerous condition on the grounds that the photographs were not taken by the plaintiff.

2

**ANALYSIS**

Delictual liability for trips and falls is governed by La.Civ.Code art. 2317.1, which reads:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

This article requires, then, proof that the owner or custodian knew or should have known of the ruin, vice, or defect; that the owner or custodian could have prevented the damage by the exercise of reasonable care; and that the owner or custodian failed to exercise reasonable care. When the owner or custodian should have known of the ruin, vice, or defect is commonly known as "constructive notice."

> Constructive notice means "the existence of facts which infer actual knowledge." La.R.S. 9:2800(D). There is constructive knowledge if a condition that caused the injury existed for such a length of time, that the responsible party must have discovered it in the exercise of ordinary care and diligence. *Joseph v. City of New Orleans,* 02–1996 (La.App. 4 Cir. 3/5/03), 842 So.2d 420. Thus, the owner cannot ignore the condition of the owner's property and then claim release from liability because of this self-imposed ignorance or lack of diligence.

*Dronette v. Shelter Ins. Co.*, 08-654, p. 4 (La.App. 3 Cir. 12/10/08), 998 So.2d 942, 945. The mere existence of a defect is insufficient to establish liability; rather, the defect in question must create an unreasonably dangerous risk. *Hunt v. Golden Corral Corp.*, 13-6 (La.App. 3 Cir. 7/3/13), 116 So.3d 1035. Louisiana law has long held that the occurrence of an accident does not create a presumption of negligence. *Beauclair v. Travelers Ins. Co.*, 480 So.2d 796 (La.App. 3 Cir. 1985),

*writ denied*, 481 So.2d 1337 (1986).  Thus, the fact that Mrs. McConnell suffered an accident raises no inference or presumption of fault on the Carriers' part.

Summary judgment is governed by La.Code Civ.P. arts. 966 and 967.  Under article 966(C)(2), the movants bear the burden of proof.  However, if the movants will not bear the burden of proof at trial, they must only establish that there is an absence of factual support for one of the essential elements of the adverse party's claim.  The burden then shifts to that adverse party to produce factual support sufficient to establish that she will be able to satisfy her burden of proof at trial.  Our analysis will thus determine whether the defendants demonstrated an absence of factual support for one or more elements of Ms. McConnell's claim.  If so, we will then demonstrate whether she produced factual support sufficient to establish her ability to carry her burden of proof at trial.

Actual or constructive notice is an essential element of proving the Carriers' liability.  Ms. McConnell is burdened with proving that element.  Nothing in her testimony demonstrates that a defect had existed for such a length of time that the Carriers should have discovered it in the course of exercising ordinary care and diligence.  Her affidavit also fails to address this issue.

Accordingly, Ms. McConnell failed to produce any evidence to demonstrate that she would be able to carry her burden of proof at trial on the issue of actual or constructive notice of the defect in question.  Summary judgment is appropriate in this case.  The judgment of the trial court is affirmed.  All costs of this appeal are taxed to plaintiff/appellant, Deloris McConnell.

**AFFIRMED.**