995 So.2d 1184 (2008)
Keith James DAUZAT and Monica Dauzat
v.
CURNEST GUILLOT LOGGING INC., et al.
No. 2008-CC-0528.
Supreme Court of Louisiana.
December 2, 2008.
Borne & Wilkes, John Fayne Wilkes, III, Joy Cantrelle Rabalais, Lana G. Duhon, Lafayette, for applicant.
Purser Law Firm, Robert Blaine Purser, Lafayette, Brian M. Caubarreaux & Associates, Brian M. Caubarreaux, Emily G. Meche, Derrick G. Earles, Marksville, Michael Stephen Coyle, Ruston, for respondent.
PER CURIAM.[*]
We granted certiorari in this case to address whether a landowner is liable for an injury resulting from an allegedly defective *1185 condition on a logging road on the landowner's property. For the reasons that follow, we conclude that the landowner is not liable and therefore render summary judgment in its favor.

FACTS AND PROCEDURAL HISTORY
Lake Pearl Company, Inc. ("Lake Pearl") is the owner of timberlands in Avoyelles Parish. Lake Pearl sold the timber to Roy O. Martin and his company, Martco Limited Partnership ("Martco"). Martco in turn contracted with Curnest Guillot Logging, Inc. ("Guillot Logging") to cut and haul the timber from the land. The contract between Guillot Logging and Martco required Guillot Logging to construct and maintain the logging roads on Lake Pearl's property.
The present litigation stems from an alleged accident involving plaintiff, Keith Dauzat, a contract truck driver for Guillot Logging. Plaintiff claims that while driving his 18-wheel logging truck, he struck a large hole in a logging road. He asserts that the impact caused by the drop into the hole caused injury to his back.
As a result, plaintiff filed suit against several defendants, including Lake Pearl, Martco, and Guillot Logging. In his petition, plaintiff alleged:
At all times pertinent here, plaintiff was free from fault in causing said accident; further, the said accident was solely and proximately caused by the negligence and/or strict liability of the defendants, whose acts of negligence and/or strict liability include:
a. knowledge of an unreasonably dangerous condition;
b. failure to make repairs within a reasonable time;
c. failing to maintain a substandard road [sic];
d. failure to post signs or otherwise warn of the substandard road;
e. causing a defect that created an unreasonable risk of harm.
After the defendants filed answers and the parties conducted discovery, Lake Pearl moved for summary judgment. Citing La. Civ.Code art. 2317.1[1] and Pitre v. Louisiana Tech University, 95-1466 (La.5/10/96), 673 So.2d 585, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996), Lake Pearl argued it should not be liable for plaintiff's injuries, stating there was no evidence it knew or should have known of the alleged defect in the road, nor was there any evidence it failed to prevent the damage by the exercise of reasonable care. Moreover, it claimed any alleged defect in the road did not create an unreasonable risk of harm, as the defect would have been more open and obvious to plaintiff than to Lake Pearl.
In support of its motion, Lake Pearl relied on plaintiffs deposition in which he admitted he could have avoided the hole if he had seen it. Plaintiff further testified it was sunny on the day of the accident, and there was no standing water in the hole. He also admitted he knew the road was in bad condition, explaining that "if anybody knows anything about logging, you are coming out with a hundred thousand pounds every time you come out on a soft *1186 road, the road does nothing but get worse."
Lake Pearl also relied on an affidavit from Curnest Guillot, the owner of Guillot Logging. Mr. Guillot testified he constructed the logging road from an old trail, and that Lake Pearl had no part in building or maintaining the road. Mr. Guillot further testified that plaintiff is an experienced log truck driver who has worked with Mr. Guillot for approximately five years, and who has driven down many logging roads which he knows commonly contain ruts and holes. Mr. Guillot also explained in his deposition that plaintiff knows how to steer his truck away from and to keep a proper lookout for these ruts and holes.
Plaintiff opposed Lake Pearl's motion for summary judgment. He asserted that as the landowner and pursuant to a contract with Guillot Logging, Lake Pearl was responsible for the road. Plaintiff submitted his own deposition testimony, which provided in part that even though it was sunny on the day of the accident, the road was wet and muddy; and that although there was no standing water over the hole, he did not see it. Plaintiff also explained the logging road got worse with every load, and he told Mr. Guillot to fix it, but Mr. Guillot never smoothed the road. Plaintiff further acknowledged he never had any contact with anyone from Lake Pearl, and no one from Lake Pearl ever came to the job site. However, plaintiff claimed Martco sent a representative to assess road conditions on a tract of land on the opposite side of the bayou from where he was injured.
After a hearing, the district court denied Lake Pearl's motion for summary judgment. In oral reasons for judgment, the district court explained its belief there were questions of fact concerning whether Lake Peal was responsible for the road.
Lake Pearl applied for supervisory review of this ruling. The court of appeal denied the writ, finding "no error in the trial court's ruling."
Upon Lake Pearl's application, we granted certiorari to review the correctness of the district court's ruling. Dauzat v. Guillot Logging, Inc., 08-0528, (05/9/08), 984 So.2d 709, 2008 WL 2790042.

DISCUSSION
It is well-settled law that a landowner owes a duty to a plaintiff to discover any unreasonably dangerous conditions, and to either correct the condition or warn of its existence. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991); Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406, 410 (La.1976).
Nonetheless, we have recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner. Hutchinson v. Knights of Columbus, 03-1533 at p. 9 (La.2/20/04), 866 So.2d 228, 234; Pitre v. Louisiana Tech University, 95-1466, 95-1487 at p. 11 (La.5/10/96), 673 So.2d 585, 591.
In determining whether a condition is unreasonably dangerous, courts have adopted a four-part test. This test requires consideration of: (1) the utility of *1187 the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature. Hutchinson, 03-1533 at p. 9, 866 So.2d at 235; Ardoin v. Lewisburg, 07-180 (La. App. 3 Cir. 7/18/07), 963 So.2d 1049.
Turning to the facts of the instant case, it is undisputed that the logging road has a strong social utility for purposes of the first factor, as it is the only method for removing harvested timber from Lake Pearl's land. Likewise, for purposes of the third factor, we believe Mr. Guillot's unrefuted affidavit establishes logging roads as temporary roads which are typically not paved or improved.[2] As to the fourth factor, the evidence establishes that the job of a logging truck driver is dangerous by nature, as such drivers frequently encounter poor road conditions.
Thus, the dispute in this case revolves around the second factor, namely, the substantial likelihood and magnitude of harm from the hole, with consideration to whether the hole was apparent or obvious. Although plaintiff testified that he did not see the hole before his truck hit it, he admitted that he knew logging roads were "soft" and got worse as more loads were hauled over them. Plaintiff testified that on the day of the accident, he had hauled two or three loads over the road. He further indicated that it was sunny on the day of the accident, and that while the road was muddy, the hole was not covered with water.
Mr. Guillot testified that five truck drivers were working on the day of the accident, and none of these drivers reported any problems with the road. Mr. Guillot also testified that he had personally hauled logs over worse roads.
Taken as a whole, this evidence establishes that plaintiff was aware of the condition of the logging road, having traveled over it several times on the day of the accident. Moreover, the hole was not unusually large, as shown by plaintiff's testimony that he "never even thought twice about it" after he hit it. Under these circumstances, we must conclude that the presence of the hole in the logging road was an obvious danger which did not create a significant likelihood of injury.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966(B). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37.
In the instant case, Lake Pearl established through deposition testimony and affidavits that it did not breach its duty to *1188 protect plaintiff against an unreasonably dangerous condition in the road. Plaintiff failed to produce any evidence which would establish a material factual dispute. Accordingly, the district court erred in denying Lake Pearl's motion for summary judgment.

DECREE
For the reasons assigned, the judgment of the district court is reversed. The motion for summary judgment filed by Lake Pearl Company, Inc. is granted, and plaintiff's suit against it is dismissed with prejudice. All costs in this court are assessed against plaintiff.
NOTES
[*] Retired Judge Moon Landrieu sitting ad hoc for Knoll, J., recused.
[1] La. Civ.Code art. 2317.1 provides:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
[2] Mr. Guillot's affidavit states, in pertinent part:

I have constructed and maintained logging roads for many years. Logging roads are temporary avenues built solely for the purpose of transporting logs out of a logging site to public roads and the mills that process the logs.
Logging roads are not paved. They are bare dirt avenues which are not rocked or improved unless conditions are necessary in order to get the log trucks into and out of the logging sites.