NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 13-522


**JULIE SMALLEY**

**VERSUS**

**ANTHONY RANSONET, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 108846
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**Glenda Maria August**
**129 W. Pershing St.**
**New Iberia, LA 70560**
**(337) 369-7437**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  Julie Smalley

**Bruce David Beach**
**Law Office of Keith S. Giardina**
**9100 Bluebonnet, Suite 300**
**Baton Rouge, LA 70809**
**(337) 293-7272**
**COUNSEL FOR DEFENDANTS/ APPELLEES:**
    **Liberty Mutual Fire Ins. Co.**
    **Anthony Ransonet**
    **Marcelle Ransonet**

**EZELL, Judge.**

Julie Smalley filed suit against Marcelle and Anthony Ransonet for damages she sustained when she tripped and fell on an iron garden rake at their home. The trial court entered summary judgment in favor of the Ransonets, finding that the presence of the rake did not present an unreasonably dangerous situation. Ms. Smalley appealed the decision to this court. For the following reasons, we affirm the judgment of the trial court.

## FACTS

The Ransonets live in a brick house on property they own in New Iberia. Their son, Jarrod, lives in a mobile home located on the property. The mobile home is located in front of the house. Before Hurricane Rita in 2005, Ms. Smalley lived with her mother. After the hurricane destroyed the home, they went to live with Ms. Smalley's daughter. After living with her daughter and mother for about four months, Ms. Smalley moved into the mobile home on the Ransonets' property. Jarrod's girlfriend, Peggy Migues, was living with him at the time. Ms. Smalley's brother, Thomas, and her son, Chance, also lived in the mobile home.

On December 25, 2005, everyone was getting prepared to go to Mrs. Ransonet's mother's house for Christmas dinner. While everyone was in the main house, Ms. Smalley went back to the mobile home to lock it. She locked the back door and left out of the front door. As she was walking to the back toward the main home, she saw several pieces of trash in the yard and began picking them up.

A shed was located a few feet out the back door where ice chests, tables, and tools were kept. As she was walking, Ms. Smalley passed between a boat and the shed. There was approximately two feet of space between them. She bent down to pick up a cigarette butt in this area. As she stood up and took a step, she tripped

over the iron garden rake. She fell over onto the cement landing on her left knee. Ms. Smalley alleges she sustained injuries to her left knee, left ankle, left leg, and back as a result of the accident.

She filed suit against the Ransonets and their insurance company, Liberty Mutual Fire Insurance Company, on December 22, 2006. The Defendants filed a motion for summary judgment on August 17, 2012, asserting that they owed no legal duty to Ms. Smalley due to the absence of an unreasonably dangerous or defective condition. A hearing was held on October 4, 2012. The trial court ruled that there was no unreasonably dangerous condition because Ms. Smalley knew that an iron garden rake was located in this area. The trial court granted summary judgment in favor of the Defendants and dismissed Ms. Smalley's claims against them. Ms. Smalley appealed this judgment.

## SUMMARY JUDGMENT

Ms. Smalley claims that there are genuine issues of material fact concerning the placement of the rake on the pathway.

The supreme court recently set forth the law and analysis relative to a motion for summary judgment and the appellate standard of review as follows:

> On a motion for summary judgment, this Court reviews the record de novo to determine whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966; *Harrahs Bossier City Inv. Co., L.L.C. v. Bridges*, 09–1916, p. 8 (La.5/11/10); 41 So.3d 438, 445. Initially, the movant bears the burden of proof. La.Code Civ. Proc. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant is not required to negate all essential elements of the adverse party's claim, but merely point to an absence of factual support for one or more of the elements essential to the adverse party's claim, action, or defense. *Id.* If the movant successfully meets this burden, then the burden shifts to the other party to present factual support adequate to establish that he/she will be able to satisfy the evidentiary burden at trial. *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06–1827, p. 6 (La.5/22/07); 958 So.2d 634, 638. If

the other party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law. *Id.*

*Quantum Res. Mgmt., L.L.C. v. Pirate Lake Oil Corp.*, 12-1472, pp. 5-6 (La. 3/19/13), 112 So.3d 209, 214.

Ms. Smalley alleges that the Ransonets were negligent due to an unreasonably dangerous condition on their property.

> Under Louisiana law, liability for injuries sustained by one on the premises of another may be based on either strict liability or negligence. In an action asserting strict liability under La.C.C. art. 2317 the plaintiff bears the burden of proving: (1) the thing which caused damages was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of harm; and (3) the injuries and/or damage were caused by the vice or defect. *Sistler v. Liberty Mutual Insurance Co.*, 558 So.2d 1106 (La.1990). The plaintiff asserting a claim against a premises owner based on negligence, or liability under La.C.C. art. 2315, *where the sole basis alleged for holding the owner liable is his relation to the property*, has the same burden, plus the additional burden of proving defendant's scienter, *i.e.,* that defendant "knew or should have known" of the defect. *Id.* at 1112 n. 7; *see also Kent v. Gulf States Utilities Co.*, 418 So.2d 493 (La.1982).

*Fontenot v. Fontenot*, 93-2479 (La. 4/11/94), 635 So.2d 219, 221 (footnotes omitted).

It is Ms. Smalley's burden to establish the Ransonet's negligence at trial. Therefore, the Defendants, as movers for the motion of summary judgment, do "not bear the burden of negating all essential elements of [Ms. Smalley's] claims." *Hunt v. Golden Corral Corp.*, 13-06, p. 4 (La.App. 3 Cir. 7/3/13), 116 So.3d 1035, 1037. The Defendants need only establish an absence of factual support for one or more elements essential to Ms. Smalley's claim. La.Civ.Code art. 966(C)(2). If Ms. Smalley fails to produce factual support that she will be able to satisfy her burden of proof at trial, there is no genuine issue of material fact. *Id.* The

3

Ransonets claim that Ms. Smalley has no evidence that the presence of the iron garden rake created an unreasonably dangerous situation.

"It is well-settled law that a landowner owes a duty to plaintiff to discover any unreasonably dangerous conditions, and to either correct the condition or warn of is existence." *Dauzat v. Curnest Guillot Logging Inc.*, 08-528, p. 4 (La. 12/2/08), 995 So.2d 1184, 1186.

> Nonetheless, we have recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner.

*Id.*

Our Louisiana Supreme Court has recognized a four-part test in determining whether a condition is unreasonably dangerous:

> This test requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature.

*Id*. at 1186-87.

An iron garden rake is found at many homes as it a useful tool in yard work. Deposition testimony reveals that Ms. Smalley was aware that there were ice chests, tables, and tools kept around the shed. She even admitted she had seen the rake leaning against the shed several times by the door. Ms. Smalley's brother, Thomas, agreed that he had seen tools leaning against the shed on occasion. When he arrived to help his sister after she fell, he saw the rake leaning against the shed.

4

It was located about two feet from his sister. Mr. Ransonet agreed there was a rake in that area leaning against the shed.

On this particular day, Ms. Smalley decided to take this path between the boat and the shed in an area with approximately two feet of space between them. She knew tools were kept in this area, including the iron garden rake. The rake was leaning against the shed and should have been obvious to someone paying attention. Ms. Smalley chose to bend down to pick up a cigarette butt and should have been more cautious in this small area where she knew tools were kept.

We find that there is no evidence to support Ms. Smalley's assertion that this iron garden rake presented an unreasonable risk of harm. We find that the trial court was correct in granting summary judgment in favor of the Defendants.

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Marcelle and Anthony Ransonet and Liberty Mutual Fire Insurance Company is affirmed. Costs of this appeal are assessed to Julie Smalley.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.