JOSE ARAUJO

VERSUS

GWENDOLYN TROXLER AND LARRY
TROXLER, JR AND LOUISIANA FARM
BUREAU CASUALTY INSURANCE
COMPANY

NO. 20-CA-328

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 786-850, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

February 24, 2021

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and John J. Molaison, Jr.

**AFFIRMED**
    **JJM**
    **JGG**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
JOSE ARAUJO
 Hilary G. Gaudin
 Elizabeth M. Gaudin

COUNSEL FOR DEFENDANT/APPELLEE,
GWENDOLYN TROXLER AND LARRY TROXLER, JR AND LOUISIANA
FARM BUREAU CASUALTY INSURANCE COMPANY
 Nicholas C. Gristina
 Gordon P. Guthrie, III
 Leandro R. Area
 Andrew G. West

**MOLAISON, J.**

In this personal injury case, the appellant seeks review of the trial court's granting summary judgment in favor of the appellees. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On August 21, 2018, the plaintiff/appellant, Jose Araujo, filed a petition for damages in the Twenty-Fourth Judicial District Court for alleged injuries that he sustained on September 18, 2017, when he fell from the bottom step of apartment stairs on property owned by the defendants/appellees, Gwendolyn and Larry Troxler, Jr. After discovery, the appellees filed a motion for summary judgment, which was granted on June 15, 2020, following a hearing on June 4, 2020. The instant appeal follows.

A review of the record before us shows that the following facts are not in dispute. Mr. Araujo was a tenant in an upstairs apartment located at 1710 O'Connor St., in Gretna, which was owned by the appellees. He had resided in the apartment for over four years with his companion, Marilyn Morange.[1] In his deposition testimony, taken on August 14, 2019, Mr. Araujo indicated that when he first moved into the apartment, Mr. Troxler advised him to exercise caution when using the stairs to the apartment. Mr. Araujo indicated that "early on" he was aware that something was wrong with the stairs. Specifically, he noted that all the bottom stairs were too "short" or "small." Mr. Araujo described other stairs as being "too high," and further indicated that a portion of the staircase did not have a functional handrail. He stated that to traverse the smaller steps at the bottom of the staircase, he turned his feet sideward so that the heel of his foot would not hit a rung that Mr. Troxler had installed on the back of the staircase. Mr. Araujo

---

[1] The record shows that, prior to Mr. Araujo's alleged accident, Ms. Morange filed two separate lawsuits against the appellees after she allegedly sustained injuries by falling on the same staircase at issue in the instant case.

estimated that in the years he lived in the Troxlers' apartment, he used the staircase approximately 10 to 15 times a day on average. Mr. Araujo stated in his deposition testimony that, on the date that he claimed to have fallen on the stairs, he had taken pain medication before descending the steps, and also, he did not believe that he descended the steps in his usual manner.

**LAW AND ANALYSIS**

A motion for summary judgment is properly granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

In a motion for summary judgment, the burden of proof is on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of a material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to determine the truth of the matter but instead to determine whether there is a genuine issue of triable fact. A "genuine issue" is one upon which reasonable persons could disagree. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. If based on the evidence, reasonable persons could only reach one conclusion, the issue is not genuine. In determining whether an issue is genuine, the courts cannot make credibility determinations, consider the merits, evaluate testimony, or weigh the evidence. *Id.* Further, a fact is "material" when it would matter on the trial on the merits; *i.e.*, it could insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of the legal dispute. *Id*.

*Open and obvious*

To establish liability for damages in a negligence case, the plaintiff is required to prove: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant's conduct failed to conform to the appropriate standard; (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) proof of actual damages. *Detraz v. Lee*, 05-1263 (La. 1/17/07), 950 So.2d 557, 565.

The second factor of the risk-utility test[2] focuses on whether the allegedly dangerous or defective condition was obvious and apparent. A defendant generally

_____

[2] As explained by the Louisiana Supreme Court in *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14), 171 So. 3d 851, 856:

> This court has synthesized the risk-utility balancing test to a consideration of four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Broussard v. State ex rel. Office of State Buildings*, 12-1238 (La. 4/5/13), 113 So.3d 175, 184; *Dauzat v. Curnest Guillot Logging, Inc.*, 08-0528 (La. 12/2/08), 995 So.2d 1184, 1186–87 (per curiam); *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04), 866 So.2d 228, 235; *Pitre v. Louisiana Tech University*, 95-1466 (La. 5/10/96), 673 So.2d 585, 591–93.

does not have a duty to protect against that which is obvious and apparent. *Bufkin v. Felipe's La., LLC*, 14-0288 (La. 10/15/14), 171 So.3d 851, 856. For an alleged hazard to be considered obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it. *Id*.; *Broussard v. State ex rel. Office of State Bldg.*, 12-1238 (La. 4/05/13), 113 So.3d 175, 184. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. *Dauzat v. Curnest Guillot Logging Inc.*, 08-0528 (La. 12/02/08), 995 So.2d 1184, 1186 (per curiam). A landowner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner. *Id.*

In the instant appeal, the appellant contends that the trial court erred in applying the "open and obvious" doctrine in a case "where a defendant had warned a plaintiff of a hazardous condition," and ultimately led "to a weighing of Appellees' and Appellant's fault, when such weighing is not appropriate on summary judgment." Conversely, the appellees argue that the trial court did not err in granting summary judgment in their favor when the alleged hazard complained of is open and obvious.

In the relevant part, the trial court stated in its June 15, 2020 Reasons For Judgment:

> In the matter presently before the Court, the evidence is that the condition of the stairs was open and obvious. There was testimony that the plaintiff was warned of the condition of the stairs, the plaintiff resided at the premises for approximately four years prior to the incident using the stairs several times a day, and that the condition of the stairs was obvious. Furthermore, in <u>Marolyn v. Morange v. Gwendolyn Troxler, Larry Troxler, and Louisiana Farm Bureau Casualty Ins. Co.,</u> Case # 782-131 (24th JDC 8/20/19), the court granted summary judgment in a factually similar suit filed by plaintiff's girlfriend

involving a slip and fall on the same stairs at the same property at issue in this matter holding that the stairs were an open and obvious hazard known to the plaintiff.

The trial court also indicated that it was granting summary judgment based, in part, on this Court's holding in Eskine v. City of Gretna, 17-542 (La. App. 5 Cir. 3/14/18), 240 So.3d 338. In that case, the plaintiff was injured in front of his home when his walker rolled over the edge of an elevated walkway resulting in a fall into a ditch below the walkway. The plaintiff filed a lawsuit against the city of Gretna as the owner of the walkway, claiming that the walkway was unreasonably dangerous and had not been properly maintained by the city. The city filed a motion for summary judgment in which it argued that the walkway was not unreasonably dangerous because its condition was open and obvious. In opposing the motion for summary judgment, the plaintiff offered evidence that the width of the walkway did not conform to the city's building code. The trial court ultimately granted the city's motion for summary judgment. In affirming that ruling on appeal, this Court reasoned:

> . . . Mr. Eskine was aware of the location and condition of the walkway in front of his house, where he had lived all of his life. Mr. Eskine testified that he was aware of the "deteriorated condition" of the walkway before the fall, noting "[y]ou can look at it and see." According to Mr. Eskine, he would usually use the driveway to approach the street instead of the walkway, due to its defective condition, and he had only walked across this walkway two or three times in 20 years. Although Mr. Eskine was not aware of the width requirements or the precise width of the walkway or its flat surface, there was no evidence that his view of the walkway was obstructed or that there was any hidden defect. Mr. Eskine, or anyone who encountered the walkway, could see how wide the walkway was before deciding whether to cross at that location.
>
> . . .
>
> A prudent person would have exercised whatever caution was necessary under the circumstances to avoid the risk created by the alleged hazard.

Eskine v. City of Gretna, supra at 343–44.

In the instant case, the record before us contains little information about the staircase at issue. There are no photos in evidence showing the section of the staircase where Mr. Araujo was allegedly injured.[3] There is no evidence in the record that the premises owner advised Mr. Araujo that the stairs were dangerous, *per se*, only that those who used the steps were urged to be cautious. There is no direct evidence that the staircase violated any specific and applicable building codes. Like the plaintiff in the *Eskine* case, Mr. Araujo had been aware for several years that he needed to exercise caution on the stairs for reasons that were apparent to him. The stairs remained exactly as they had been since the date he moved into the apartment. However, on the day of the alleged accident, Mr. Araujo admitted that he did not descend the staircase in his usual manner. Under these facts, we find no error in the trial court's conclusion that the condition of the staircase was open and obvious, and granting summary judgment on that basis.

**DECREE**

Based on the foregoing, after our *de novo* review of the record, memoranda, exhibits, and the law, we find no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.

**<u>AFFIRMED</u>**

---

[3] We note that in opposing the appellee's motion for summary judgment, Mr. Araujo attached a document from a lawsuit in which his companion, Ms. Morange, was the plaintiff (24th JDC case number 782-131). The affidavit of Kevin Glidewell, a "field investigator of accidents" is dated June 10, 2019, and purports to make a conclusion based on photographs of two steps reportedly taken on September 24, 2017. The affidavit itself makes no reference to a specific location or address where the steps he reviewed are located. Although Mr. Glidewell concluded that the stair treads were two inches too short for code, the affidavit does not specify which code the investigator used to reach his conclusion. Nevertheless, cases such as Eskine, supra, have held that, even when evidence is presented that the condition violates an applicable code, this fact is less relevant when the condition is open and obvious to all.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



# FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 24, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-328

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
ANDREW G. WEST (APPELLEE)          LEANDRO R. AREA (APPELLEE)          NICHOLAS C. GRISTINA (APPELLEE)

**MAILED**
ELIZABETH M. GAUDIN (APPELLANT)          GORDON P. GUTHRIE, III (APPELLEE)
HILARY G. GAUDIN (APPELLANT)              ATTORNEY AT LAW
PIERRE F. GAUDIN (APPELLANT)             704 CARONDELET STREET
ATTORNEYS AT LAW                          NEW ORLEANS, LA 70130
1088 FOURTH STREET
GRETNA, LA 70053