FRED TUCKERSON

VERSUS

AMTRUST INSURANCE COMPANY AND
AVONDALE CONTAINER YARD, L.L.C.

NO. 21-CA-203

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 783-096, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING


December 22, 2021


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.


**<u>AFFIRMED</u>**
  **JJM**
  **SMC**
  **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
FRED TUCKERSON
    John W. Redmann
    Edward L. Moreno
    Travis J. Causey, Jr.
    Christian A. Galleguillos

COUNSEL FOR DEFENDANT/APPELLEE,
AVONDALE CONTAINER YARD, L.L.C. AND ASSOCIATED INDUSTRIES
INSURANCE COMPANY, INC.
    Mark E. Young
    Meredith R. Durham

**MOLAISON, J.**

Appellant/Plaintiff Fred Tuckerson appeals the district court's February 22, 2021 judgment, granting the motion for summary judgment of Appellees/Defendants Avondale Container Yard, LLC, ("Avondale") and Associated Industries Insurance Company[1], Inc., dismissing appellant's premises liability claims with prejudice. As we find that summary judgment was appropriate, we affirm the decision of the trial court.

## FACTUAL BACKGROUND

Appellant, a commercial truck driver, drove onto Avondale's container yard in Jefferson Parish to pick up a chassis and container on June 6, 2017. While driving on the main road of the facility (Road 3) searching for a chassis, it began to rain and appellant's truck struck a hole between Avenues A and B. Appellant testified in his deposition that he could not see the hole because it was "camouflage[d]" by the rainwater. The yard has a dirt surface where there are several intentionally-made "natural swirls" throughout which are meant to divert water away from the roads and toward the ditches at the side of the facility. The constant traffic of truck tires churns the ground of the gravel changing the size and depth of the potholes (or "worn spots") which are filled with a gravel mixture. When it rains, water collects in the low spots. Appellant claims his wrist was injured after being caught in the steering wheel and his truck's air valve was broken.

## PROCEDURAL HISTORY

Appellant filed a petition on April 4, 2018, seeking damages related to personal injuries and property damage alleged to have been incurred due to a pothole in the roadway of Avondale's container. Defendants filed a motion for

---

[1]Amtrust Insurance Company, an originally named defendant, was determined to be the incorrect insurer for Avondale.

summary judgment on October 9, 2020, claiming that appellant cannot show the pothole was an unreasonably dangerous defect because it was open and obvious.

After a hearing on February 9, 2021, the district court rendered judgment in favor of defendants.

## DISCUSSION

Appellant alleges five assignments of error. Four of the assignments[2] are related to alleged errors in the trial court's determination that summary judgment was appropriate because defendants established they had not breached a duty to protect against an unreasonably dangerous condition.[3] As we review the granting of summary judgment *de novo*, we do not rely on the trial court's findings of facts or interpretation of the law, but make our own determination under the same criteria governing the district court's consideration of the motion. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93–2512 (La. 7/5/94), 639 So.2d 730, 750. A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The moving party's burden of proof on the motion, for issues which he will not bear the burden of proof at trial, is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the

---

[2] As to the first assignment of error that the district court erred in holding that that the appellant failed to put forth any evidence that defendant's had knowledge of the pothole prior to the accident, we find the trial court incorrectly ruled on the lack of notice on the part of defendants. This issue was not raised until defendant's December 3, 2020 reply brief, therefore the appellant would have been unable to produce any evidence to refute this claim. As we find that summary judgment was appropriate because appellant was unable to establish the existence of a genuine fact as to the element of the pothole creating an unreasonably dangerous condition, the element of notice is immaterial.

[3] The second assignment of error is that the district court erred in holding that appellant failed to produce any evidence to establish a material factual dispute.
The third assignment of error is that the court erred in its application of the "open and obvious" doctrine.
The fourth assignment of error is that the court erred in its interpretation of *Dauzat v. Curnest Guillot Logging, Inc.*, 08-0528 (La. 12/2/08), 995 So.2d 1184.
The fifth assignment of error is that the court erred in holding that defendants had established they had not breached the duty to protect appellant against an unreasonably dangerous condition.

adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, the nonmoving party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. *Id.* The party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evidence that could satisfy his evidentiary burden at trial; if he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. *Mbarika v. Bd. of Sup'rs of Louisiana State Univ.*, 07–1136 (La. App. 1 Cir. 6/6/08), 992 So.2d 551, 561, *writ denied*, 08–1490 (La. 10/3/08), 992 So.2d 1019.

Appellant asserts that Avondale was negligent in failing to warn of the dangerous condition, failing to maintain the premises in a reasonably safe condition, failing to maintain the premises or take precautions, failing to supervise and train employees as to the care and maintenance of the property, creating a trap, and failing to take reasonable precautions to avoid injuries to invitees and guests.

In Louisiana, the owner or custodian of immovable property has a duty to keep his property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. *Pryor v. Iberia Parish School Board*, 10-1683, (La. 3/15/11), 60 So.3d 594, 596. The basis for such liability is established in Louisiana Civil Code articles 2315, 2317, and 2317.1. La. C.C. art. 2317.1 provides that "[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." *Granda v.*

*State Farm Mutual Ins. Co.*, 04–1722 (La. App. 1 Cir. 2/10/06), 935 So.2d 703, 707–08, *writ denied*, 06–0589 (La. 5/5/06); 927 So.2d 326.

In order to recover, appellant must establish that (1) Avondale was the owner or custodian of the road; (2) the road contained a defect, *i.e.*, a condition that created an unreasonable risk of harm; (3) the unreasonably dangerous condition caused his injuries; (4) Avondale had actual or constructive notice of the condition; (5) his injuries could have been prevented by the exercise of reasonable care; and (6) Avondale breached its duty of reasonable care. *See Teel v. State, Dept. of Transp. and Development*, 96-0592 (La.10/15/96), 681 So.2d 340, 343.

The existence of a duty is decided as a matter of law by the court; the absence of an unreasonably dangerous condition necessarily implies the absence of a duty on the part of the defendant. *Oster v. Dep't of Transp. and Dev.*, 582 So.2d 1285, 1288 (La. 1991). The unreasonable risk inquiry is treated as a mixed question of law and fact. *See, e.g., Broussard v. State ex rel. Office of State Bldgs.*, 12-1238 (La. 4/5/13), 113 So. 3d 175, 183; *Jeansonne v. South Cent. Bell Tel. Co.*, 08-568 (La. App. 5 Cir. 1/13/09), 8 So.3d 613. Because premises liability cases are naturally fact-intensive, whether a condition constitutes an unreasonably dangerous condition is generally a question of fact for the jury; however, in some circumstances, it is the court's obligation to decide as a matter of law which risks are unreasonable. *See Allen v. Lockwood*, 156 So.3d 650, 653 (La. 2015).[4]

The Louisiana Supreme Court devised a risk-utility balancing test involving consideration of four pertinent factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the

---

[4] The Louisiana Supreme Court clarified that "[w]e note that our opinion in *Broussard v. State ex rel. Office of State Buildings, supra*, should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14), 171 So. 3d 851, 859 [n. 3].

nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Bufkin v. Felipe's Louisiana, LLC*, 171 So. 3d at 859 (citing *Broussard*, 113 So.3d at 184). When the burden of the precautionary activity outweighs the probability and magnitude of the risk, the custodian owes no duty to correct the alleged defect. *Dauzat v. Curnest Guillot Logging Inc.*, 995 So.2d 1184, 1186-87 (La. 2008).

Defendants' Motion for Summary Judgment asserts that appellant's claim fails as a matter of law because the alleged pothole did not present an unreasonably dangerous condition as it was obvious and apparent, the focus of the second prong of the risk-utility inquiry. Under Louisiana law, a defendant generally does not have a duty to protect against an obvious and apparent hazard. *Broussard*, 113 So.3d at 184. For an alleged hazard to be obvious and apparent, the hazard should be "open and obvious to everyone who may potentially encounter it." *Bufkin*, 171 So. 3d at 856 (citing *Broussard*, 113 So.3d at 184). A landowner is not liable for an injury caused by "a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner." *Dauzat*, 995 So. 2d at 1186.

The trial court relied on the *Dauzat* case, in which the Louisiana Supreme Court analyzed the reasonableness factors and found that an open and obvious defect did not present an unreasonable risk of harm. 995 So.2d at 1187-88. In that case, the plaintiff allegedly injured his back after the truck he was driving struck a hole in an unpaved logging road. *Id.* at 1185.

In its risk-utility inquiry, the *Dauzat* court found the first reasonableness factor of utility favored a finding of no duty, as the unpaved logging road provided the only method for removing harvested timber from the defendant's land. *Id.* at 1187. After considering the third factor, the court found the cost of preventing the harm for unpaved and temporary logging roads would have been unreasonably

expensive. *Id.* The court found that the fourth factor favored a finding of no duty, as the job of logging is a dangerous one by nature, as drivers frequently encounter poor road conditions. *Id.*

The *Dauzat* court found that the dispute turned on the second factor, "the substantial likelihood and magnitude of injury from the hole, with consideration to whether the hole was apparent or obvious." *Id.* In its analysis, the court emphasized that the plaintiff was aware of the condition of the logging road, having traveled over it several times on the day of the accident. *Id.* The court also noted that five other truck drivers, who were working on the day of the incident, never reported any problems with the road. *Id.* The court "conclud[ed] that the presence of the hole in the logging road was an obvious danger which did not create a significant likelihood of injury." *Id.*

In the present case, looking at the evidence presented, this Court can weigh the risk and utility of the condition of Avondale's yard in determining whether it was an unreasonably dangerous condition by applying the law to the uncontested facts. In support of their motion for summary judgment, defendants attached the deposition of Michael O'Brien, the corporate representative of Avondale; the deposition of appellant; and the deposition of Brandi Hebert, Avondale's terminal manager and gate clerk.

In examining the first factor regarding the utility of the unpaved road, Mr. O'Brien testified as to the road's utility for trucks to pick up containers released from a steamship line. It is not clear that, like in *Dauzat*, the unpaved road provided the only method for removing containers from steamships, but it is the only way to remove them from Avondale's property. Appellant's opposition to the motion for summary judgment states that "the social utility of the Defendants' services, although valuable, has been exaggerated." Thus, it is uncontested that the road is useful to the valuable services of defendants.

As to the third factor, the cost of preventing the harm, maintaining a dirt and gravel road to keep it free of potholes, would not be feasible. "[W]e do not live in a perfect world. We cannot impose a duty on a landowner to have perfectly flawless premises. . . Everyday life presents risks which must be encountered and negotiated." *Williams v. Leonard Chabert Med. Ctr.*, 98-1029 (La. App. 1 Cir. 9/26/99), 744 So.2d 206, 211, *writ denied*, 00-11 (La. 2/18/00), 754 So.2d 974 (emphasis in original). Keeping the surface free from defects is likely impossible, given the number of heavy trucks traveling over the road each day, and is certainly cost-prohibitive. Michael O'Brien testified that to pave the road with concrete would cost $5 million. He also testified to the measures taken by employees and money spent on equipment to maintain the condition of the roads. His employees are "on an hourly, daily basis, we are maintaining these particular issues to the best of our ability before they become some sort of problem" by packing dirt on top of the potholes in the road created after trucks turn and the tires make a "worn spot" in the natural dirt. Avondale hired Andrew Morrison, terminal assistant manager, to ensure that the facility is in proper condition and ground appearance, maintaining the road daily. O'Brien testified that "everybody" is keeping an eye on the condition of the road, including the terminal manager, lift operators, and customer truck drivers.

As to the fourth factor of the nature of appellant's activities in terms of social utility or whether the activities were dangerous by nature, appellant claims that he was not engaged in any inherently dangerous activity, only "waiting to pick up a chassis so that he may go fulfill his next delivery." We note that appellant testified that he is a trained driver, capable of driving large tractors/containers, with experience on roads throughout the ports and plants of the New Orleans and Baton

Rouge areas. According to Michael Beaumont, Avondale's mechanic,[5] "professional drivers" should be used to a variety of roads and take the conditions into consideration.

Like the analysis in *Dauzat*, the dispute in this case revolves around the second factor, namely, the substantial likelihood and magnitude of harm from the hole, with consideration of whether the hole was apparent or obvious. 995 So.2d at 1187. Appellant testified that he did not see the hole before his truck hit it, but noted that he could see other potholes that day that were filled up. However, it is not the victim's actual or ascertainable knowledge, but "the global knowledge of everyone who encounters the defective thing or dangerous condition," *Broussard*, 113 So.3d at 188. If the "risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." *Trice v. Isaac*, 99-839 (La. App. 5 Cir. 2/16/00), 759 So. 2d 843, 847, *writ denied*, 00-1113 (La. 6/2/00), 763 So. 2d 600. *Id.* at 877.

The low likelihood of harm and whether the risk was obvious, universally known, and avoidable is supported by defendants' evidence that 128 truck drivers safely navigated the road on June 6, 2017, including three other drivers from appellant's company. The gate clerk, Brandi Hebert received no other complaints before the incident. S*ee Dauzat*, 995 So. 2d at 1187 (noting that none of the truck drivers who were working on the day of the accident reported any problems with the road).

As not every imperfection or irregularity creates an unreasonable risk of injury, the vice or defect must be of such a nature as to constitute a dangerous condition that would be reasonably expected to cause injury to a prudent person using ordinary care under the circumstances. *Dupree v. City of New Orleans*, 99-

---

[5] Excerpts of Mr. Beaumont's deposition were attached to appellant's opposition to the motion for summary judgment.

3651 (La. 8/31/00), 765 So.2d 1002, 1012–13. A reasonably prudent driver need not be warned of conditions that are patent and obvious. *Jenkins v. State ex rel. Dep't of Transp. & Dev.*, 06-1804 (La. App. 1 Cir. 8/19/08), 993 So.2d 749, 764, *writ denied,* 08-2471 (La. 12/19/08), 996 So.2d 1133. Appellant was an experienced truck driver, had traveled on the road on a few different occasions before the incident, and had driven over potholes in the yard before.

Appellant offered evidence that the pothole was not obvious because it was covered by rain. However, the rain at the time of the incident is an adverse driving condition which calls for unusual caution on the part of motorists. *King v. King,* 253 La. 270, 280, 217 So.2d 395, 398 (1968); *Hebert v. Lafayette Consol. Gov't,* 05-1452 (La. App. 3rd Cir. 5/3/06), 930 So.2d 281, 285. A driver does not have the right to assume the course of travel is free from danger if he cannot see clearly ahead. *Kimble v. East Baton Rouge Parish,* 95–1973 (La. App. 1 Cir. 5/10/96), 673 So.2d 682, 686. A motorist is held to a higher degree of care in adverse conditions, and his duty to keep his vehicle under control increases in periods of low visibility. *Id.* at 686–87; *Crockett v. United States Fidelity & Guaranty Company,* 229 So.2d 169, 173 (La. App. 1 Cir.1969), *writ refused,* 255 La. 286, 230 So.2d 589 (1970); *O'Rourke v. McConaughey,* 157 So. 598 (La. App. Orleans Cir. 1934).

While puddles may obscure the depth of a pothole, a driver of a motor vehicle has a duty not to drive at a speed greater than is reasonable and prudent under the weather conditions and potential hazards existing at the time. *See Hebert*, 930 So.2d at 285. Other courts have found that puddling would be impossible to prevent, and for the most part these puddles pose no unreasonable danger to the traveling public. *See Lazarus v. Southern Farm Bureau Cas. Ins. Co.,* 535 So.2d 923 (La. App. 2 Cir.), *writ denied,* 536 So.2d 1201 (La. 1988); *Shephard on Behalf of Shepard v. Scheeler*, 96-1690 (La. 10/21/97), 701 So.2d

1308, 1317. Due to appellant's experience in driving on South Louisiana roads and its weather, the risk of puddles should have been apparent.

Because of the obvious nature of the changing condition of a dirt and gravel road under the wheels of trucks, and the presence of several potholes on the property, with the additional precautions that a reasonable, much less professional, driver would take during rain, we find under these circumstances, the presence of a pothole in the road was an obvious danger and did not present a significant likelihood of injury. Even if appellant can establish the other elements of his case, he cannot overcome summary judgment because he has failed to generate factual issues that the pothole created an unreasonable risk of harm.

## CONCLUSION

Appellant failed to present evidence that the alleged defect on Avondale's property created an unreasonably dangerous condition under the risk-utility test. After defendants pointed to an absence of factual support for the essential element of the defect not being unreasonably dangerous due to its open and obvious nature, appellant was required to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. After *de novo* review of the record, we find appellant failed to show that there is a genuine issue of material fact relating to the likelihood of harm from the defect to a reasonably prudent person using ordinary care under the circumstances.

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court granting defendants' motion for summary judgment and dismissing appellant's case.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 21-CA-203

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
EDWARD L. MORENO (APPELLANT)          KELLY S. RIZZO (APPELLANT)          MARK E. YOUNG (APPELLEE)
MEREDITH R. DURHAM (APPELLEE)

**MAILED**
CHRISTIAN A. GALLEGUILLOS
(APPELLANT)
JOHN W. REDMANN (APPELLANT)
TRAVIS J. CAUSEY, JR. (APPELLANT)
ATTORNEYS AT LAW
1101 WESTBANK EXPRESSWAY
GRETNA, LA 70053