# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2022

Lyle W. Cayce
Clerk

No. 21-30554

---

Cheryl Romano; Wayne Romano,

*Plaintiffs—Appellants*,

*versus*

Jazz Casino Company, L.L.C.; JCC Holding Company II, L.L.C.; Harrah's New Orleans Casino; Harrah's New Orleans Management Company, L.L.C.; CEOC, L.L.C.; Caesars License Company, L.L.C.; Caesars Entertainment, Incorporated; Caesars Entertainment Operating Company, Incorporated; Caesars Enterprise Services, L.L.C.; Caesars Resort Collection, L.L.C.; Paul Forcier; Nicholas Reece,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-cv-00228

---

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

No. 21-30554

Per Curiam:*

Plaintiffs in this case assert state-law claims arising out of a slip-and-fall in a Louisiana casino. The district court granted summary judgment to the defendants. We affirm.

I.

Cheryl Romano and her husband Wayne visited Harrah's New Orleans on January 25, 2019. While there, Mrs. Romano tripped on the casino floor. She suffered serious injuries.

The Romanos sued the casino in Louisiana state court, asserting claims of merchant liability, strict premises liability, and negligence. Defendants removed to federal district court.

The district court reviewed security footage documenting the incident. It concluded Mrs. Romano tripped over a vehicle display, which was an open and obvious hazard. So the court held the Romanos failed to create a genuine dispute regarding whether there was an unreasonable risk of harm before the accident, and it granted summary judgment to defendants. The Romanos timely appealed.

II.

Appellants argue the district court erred by granting summary judgment to defendants. We review *de novo* a district court's grant of summary judgment, applying the same standards as the district court. *Jones v. New Orleans Regional Physician Hosp. Org., Inc.*, 981 F.3d 428, 432 (5th Cir. 2020). Summary judgment is warranted if the movant shows there is no

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

Under Louisiana law, the Romanos bear the burden to prove that a condition on the casino's premises "presented an unreasonable risk of harm." LA. REV. STAT. § 9:2800.6(B)(1). Louisiana's courts consider "the obviousness and apparentness of the condition" to determine whether a condition presents such a risk. *Dauzat v. Curnest Guillot Logging Inc.*, 995 So. 2d 1184, 1186-87 (La. 2008). A defendant generally has no duty to protect against obvious and apparent hazards. *See id.* at 1186.

Appellants contend they provided sufficient evidence to create a genuine fact dispute as to the cause of Mrs. Romano's fall. They say she could have tripped over an unsecured electrical cord instead of the display itself. And they point to two sources of evidence in support of that contention: First is the security footage. Second is evidence of the cord's position after Mrs. Romano's fall.

Neither source of evidence is sufficient to preclude summary judgment. First, the security footage. Appellants argue a jury could conclude from the video that Mrs. Romano tripped over a dangerously positioned electrical cord. But the video shows that Mrs. Romano tripped over the corner of the display itself. Moreover, there are no electrical cords or wires visible in the video before Mrs. Romano's fall. And in the moments before the accident, the video shows several people passing by the left, front corner of the vehicle display—the very same corner where Mrs. Romano fell—and none of those other individuals stumble or step over any cords.

Second, appellants criticize the district court for ignoring other evidence regarding the cord's position. Specifically, appellants point to a photograph taken by Mr. Romano after the accident, which shows the cord lying outside the perimeter of the vehicle display, and testimony by Harrah's

employees about that photograph. But all of this evidence is relevant only to the cord's position *after* the incident. None of appellants' evidence supports their assertion that the cord created a hazard before Mrs. Romano's fall. And "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

We agree with the district court that appellants have not carried their summary-judgment burden. Appellants' version of the facts is contradicted by the video. And they presented no other evidence sufficient to create a genuine issue of material fact regarding the cord's position *before* the accident. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Appellees were therefore entitled to summary judgment.

AFFIRMED.